STATE OF MISSOURI, Respondent, v. GEORGE PITTS, Appellant.

St. Louis Court of Appeals, April 20, 1897.

Criminal Law: INFORMATION, SUFFICIENCY OF. An information filed in a court of record, signed by the prosecuting attorney and supported by the affidavit of a competent witness, as required by section 4057, Revised Statutes, 1889, is sufficient, and can not be impeached by attempting to show that it is based on insufficient evidence. *State v. Grady*, 84 Mo. 220.

*Appeal from the St. Louis Court of Criminal Correction.* HON. DAVID MURPHY, Judge.

AFFIRMED.

*Walter M. Farmer* for appellant.

There is no longer any question about the nature of the information provided for by the constitution of Missouri. The authorities are about unanimous in declaring it to be a common law information. *State v. Kelm*, 79 Mo. 515; *State v. Russell*, 88 *Id.* 649.

The motion to quash the information should have been sustained, the information not being based upon the personal knowledge of the prosecuting attorney, or the affidavit of any person having personal knowledge of the alleged offense. *State v. Humble*, 34 Mo. App. 343; *State v. Buck*, 43 *Id.* 443; *State v. Hatfield*, 40 *Id.* 358. See, also, *State v. Wilkson*, 36 Mo. App. 373.

No brief filed for respondent.

BIGGS, J.—The defendant was tried and convicted of an assault on a child. The information was filed in the St. Louis court of criminal correction. It was signed by the prosecuting attorney and was supported by the affidavit of a competent witness. The defendant moved to quash it, upon the ground that the subscribing witness had no personal knowledge of the commission of the offense. On the hearing of the motion the court permitted the defendant to introduce evidence which tended to show that the witness did not see the defendant commit the assault, and that his only knowledge of it was the admission of the defendant that he had whipped the child. The court overruled the motion, and the defendant excepted.

The information was filed in a court of record, and hence is governed by section 4057 of the Revised Statutes of 1889. That section provides, that all informations shall be signed by the prosecuting attorney, and shall be verified by his oath, or by the oath of some person competent to testify as a witness in the case, or be supported by the affidavit of such person. In the impeachment of such an information it might probably be shown that the person who made the affidavit is not a competent witness, or that his signature was a forgery. The case of *State v. Grady*, 84 Mo. 220, would seem to authorize this. There it was held competent to show that an indictment was found without *hearing any evidence*. In the case at bar the defendant attempted to show that the information was based on insufficient evidence, which the supreme court in the *Grady* case, *supra*, expressly decided could not be done. We, therefore, hold that the

motion to quash the information was properly over-ruled.

No objection is made to the form or sufficiency of the information in other respects. The evidence taken at the trial is not contained in the transcript. The judgment will, therefore, be affirmed. All the judges concur.