PAUL ANTONELLI V. STATE.

No. 29.   Opinion Filed March 22, 1910.

(107 Pac. 951.)

1.    JURISDICTION—District Courts — Misdemeanors.  The district courts of the state, under section 18 of the Bill· of Rights, have the implied jurisdiction to receive and dispose of indictments for misdemeanors, and the proper exercise of this jurisdiction is to transfer the cases to the court having jurisdiction to try and determine the same.

2.    INTOXICATING LIQUORS — Indictment — Sufficiency—Venue.  An indictment alleging the unlawful sale of intoxicating liquor in Pittsburg county is sufficient as to venue.  It is not necessary that the indictment allege the particular place in Pittsburg county where the liquor was sold.

3.    INDICTMENT AND INFORMATION — Duplicity.  An indictment which alleges that the defendant did unlawfully sell, barter, give away ,and otherwise furnish intoxicating liquor, beer, ale, and wine is not subject to demurrer for duplicity.

4.    INTOXICATING LIQUORS—Illegal Sale of "Beer"—Burden of Proof.  When the word "beer" is used without restriction or qualificaton, it denotes an intoxicating malt liquor, and, being included by the constitutional provision among intoxicating liquors, one who sells beer has the burden of proof to show it is not intoxicating, if he so claims.

(Syllabus by the Court.)

*Error from Pittsburg County Court; R. W. Higgins, Judge.*

The plaintiff in error, Paul Antonelli, was indicted in the district court of Pittsburg county on the 15th day of January. 1908, charged with violating the provision of the Constitution against the sale of intoxicating liquors.  On motion of the county attorney the case was transferred to the county court of Pittsburg county.  Defendant was convicted and sentenced to imprisonment in the county jail for a term of six months and to pay a fine of $500.  The case is before us on appeal.  Affirmed.

*J. G. Harley*, for plaintiff in error.—On question of duplicity: *State v. Messenger*, 58 N. H. 348; *Harvey v. State*, 80 Ind. 142; *Commw. v. Fleece*, 3 Ky. L. Rep. 429.

*Fred S. Caldwell*, for defendant in error.

OWEN, JUDGE. Counsel for defendant insist that because section 12, art. 7, Const. (section 183, Bunn's Ann. Ed.), gives to the county court exclusive jurisdiction to try misdemeanor cases of this character, the district court was without jurisdiction to receive the indictment in this case, and, therefore the county court did not acquire jurisdiction on removal of the case from the district court to the county court. With this contention we cannot agree. Section 18 of the Bill of Rights (section 27, Bunn's Ann. Ed.), after providing for a grand jury in the district court, contains this provision:

"When so assembled such grand jury shall have power to investigate and return indictments for all character and grades of crime, and such other powers as the Legislature may prescribe."

Under this section the district court had the implied jurisdiction to receive and dispose of the indictments returned by the grand jury, and a proper exercise of this jurisdiction was to transfer the case to the court having the jurisdiction to try and determine the same.

It was urged on demurrer that the indictment was too indefinite and uncertain, in this: that it does not sufficiently advise the accused in what place in Pittsburg county the liquors are alleged to have been sold. The only allegation of place is that the offense was committed in Pittsburg county, state of Oklahoma. The weight of modern authority is to the effect that this is sufficient under a statute of this character. If the defendant had been indicted under a statute prohibiting dramshops, or the sale of liquor within a certain distance of schools or churches, or within certain prohibited districts, then there would have been some reason for the allegation as to the exact place, but, under this statute, he could not lawfully sell at any place within Pittsburg county. Therefore he could not have been misled by the

failure of the indictment to state in what particular place he did violate the law.

Another reason urged for reversing the lower court is that the indictment charges more than one offense. The charging part of the indictment is as follows:

"One Paul Antonelli did, then and there, unlawfully sell, barter, give away, and otherwise furnish intoxicating liquor, beer, ale, and wine to one Joe Match."

The provision of the Constitution under which this indictment was returned is as follows:

"Any person, individual or corporate, who shall manufacture, sell, barter, give away, or otherwise furnish any intoxicating liquor of any kind, including beer, ale, and wine," etc.

The objection to this part of the indictment was raised by demurrer, which the lower court overruled. We find no error in the action of the court in overruling the demurrer. In the case of *State v. Nolan,* the Supreme Court of Rhode Island (15 R. I. 529, 10 Atl. 481) passed on a similar objection under a statute which provides:

"If any person shall offer to sell, sell, or suffer to be sold, by any person by sample or otherwise, any ale, wine, rum, or other strong or malt or intoxicating liquors," etc.

The court in passing on this question said:

"Where several cognate acts are forbidden, disjunctively, the complaint or indictment may ordinarily charge them all conjunctively in a single count."

In the case of *State v. Schweiter,* 27 Kan. 499, a similar question was presented to the Supreme Court of Kansas. The chief justice in delivering the opinion of the court used this language:

"The rule is well settled that where the statute makes either of two or more distinct acts connected with the same general offense, and subject to the same measure and kind of punishment, indictable separately and as distinct crimes, when each shall have been committed by different persons, and at different times, they may, when committed by the same person and at the same time, be coupled in one count as constituting all together but one offense. In such cases the several acts are construed as so many

steps or stages in the same affair, and the offender may be informed against as for one combined act in violation of the law, and proof of either of the acts mentioned in the statute and set forth in the information will sustain a conviction."

In the case of *State v. Pittman,* 76 Mo. 56, the syllabus by the court is as follows:

"Where a criminal statute uses disjunctive language in defining an offense, an indictment under it may be drawn in the conjunctive. Thus a statute made it an offense to 'sell *or* give away" intoxicating liquors under certain circumstances. An indictment charged that defendant did 'sell *and* give away' such liquors. Held that it was not bad for duplicity."

These cases are supported by the weight of authority, and in our opinion announce the correct rule.

It is next urged that the court erred in the instructions given to the jury, which are as follows:

"The indictment in this cause alleges that Paul Antonelli, the defendant, did on or about the 8th day of December, 1907, unlawfully sell, barter, give away, and otherwise furnish intoxicating liquor to one Joe Match in Pittsburg county, Okla.

"The court will read the law to you upon which this indictment is based: 'Any person, individual or corporate, who shall manufacture, sell, barter, give away or otherwise furnish any intoxicating liquor of any kind, including beer, ale, and wine contrary to the provisions of this section shall be punished on conviction thereof by a fine of not less than $50.00, and by imprisonment for not less than thirty days for each offense.'

"In order to sustain the conviction, it is necessary that you gentlemen find from the evidence that the liquor, if any was sold, or furnished, was sold or furnished in Pittsburg county, Okla., and since the proclamation of statehood and prior to the filing of the indictment, which was on the 25th day of January, 1908, and that the liquor was intoxicating. I don't mean by that that you must find that it intoxicated Joe Match, but you are required to find that if drunk in practical quantities that it would render one either entirely or partially intoxicated.

"The defendant in a criminal action is presumed to be innocent until the contrary is proved, and, in case of a reasonable doubt as to whether his guilt is satisfactorily shown, he is entitled to be acquitted. The court, furthermore, instructs you that

beer without qualification in its ordinary acceptation imports a malt and intoxicating liquor and is intoxicating.

"If you find from the evidence that beer was sold, then the burden is on the defendant to show that it was not intoxicating. If from the evidence that he shows the liquor, if any was sold, was not intoxicating, then he is entitled to an acquittal.

"You, gentlemen, are to be the judges of the weight of the testimony and the credibility of witnesses."

It is urged that these instructions constitute prejudicial error, for the reason that the jury is told that beer is an intoxicating liquor, and that the burden is placed on the defendant to show that the liquor sold was not intoxicating. The provision of the Constitution under which the indictment was had includes beer as one of the liquors prohibited, and defines it as intoxicating. The preponderance of authority is to the effect that when the word "beer" is used, without any restriction or qualification, it denotes an intoxicating malt liquor, and when this occurs in an indictment or complaint, or in the evidence, it is presumed to include only that species of beverage. It is true there are some courts which hold that the court will not take judicial knowledge that beer is an intoxicating liquor, and that the indictment must allege and the proof show the beer was in fact intoxicating. In the case of *State v. Cloughly*, 73 Iowa, 626, 35 N. W. 652, this identical question was involved. The second syllabus by the court is as follows:

"Beer is included by the statute among intoxicating liquors; and where, upon a call for beer, a pharmacist sells liquor to a customer, he has the burden to prove that it was not intoxicating, if he so claims."

In passing on the question, the court used this language:

"It was proven that on one occasion a person applied to defendant to purchase a bottle of beer, and that defendant sold and delivered to him a bottle of liquor which had the appearance of beer. The customer, who was examined as a witness on the trial, was not able to testify with certainty that the liquor in the bottle was beer. It is insisted that there was not sufficient evidence either as to the kind of liquor sold, or that it was intoxicating. As the defendant by delivering it to the customer in

answer to his request for beer represented it to be that kind of liquor, the presumption as against him is that it was beer, and the statute classes beer as an intoxicating liquor. If there are kinds of beer not in fact intoxicating, the burden was on defendant to show that the beer in ·question was of that kind, if he claimed such to be the fact. It is clear that we ought not to disturb the judgment on this ground."

The record discloses that the court properly instructed the jury as to the presumption of innocence, and that the state must prove the defendant's guilt beyond a reasonable doubt. That having been done, we are of the opinion that the instruction to the effect that the burden of proof was on the defendant to prove that the liquor was not intoxicating does not constitute prejudicial error. The burden on the defendant was only to the extent of raising a reasonable doubt as to whether the beer was intoxicating. The instructions must be construed as a whole, and, the court having instructed the jury that, in case of a reasonable doubt as to his guilt, defendant must be acquitted, we find no error in the instructions given or in the refusal of the court to give the instructions requested by defendant.

The judgment of the lower court is affirmed.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.