JOHN PETITTI v. STATE.

No. 218.   Opinion Filed March 22, 1910.

(107 Pac. 954.)

1.  JURISDICTION—District Courts — Misdemeanors. The district courts of the state, under section 18 of the Bill of Rights, has the implied jurisdiction to receive and dispose of indictments for misdemeanors, and the proper exercise .of this jurisdiction is to transfer the cases to the court having jurisdiction to try and determine the same.

2.  INTOXICATING LIQUORS—Illegal Sale of "Beer"—Burden of Proof. When the word "beer" is used without restriction or qualification, it denotes an intoxicating malt liquor, and, being included by the constitutional provision among intoxicating liquors, one who sells beer has the burden of proof to show it is not intoxicating if he so claims.

3.  EVIDENCE—Opinion—Character of Liquor—Preliminary Proof. Where witnesses testified to having drunk a drink known as "long horn," and that the liquor sold had about the same effect on them as did the drink "long horn," it was not error for the court to refuse to permit the witnesses to testify that, in their opinion, ."long horn" was not an intoxicating liquor; there being no proof that "long horn" and the liquor sold were in fact the same.

4.  APPEAL—Plea of Former Acquittal—Failure to Interpose on Arraignment. A plea of former acquittal will not be considered by this court where it was not interposed on arraignment and incorporated in the case-made.

(Syllabus by the Court.)

*Error from Pittsburg County; R. W. Figgins. Judge.*

The plaintiff in error, John Petitti, was tried and convicted in the county court of Pittsburg county charged with' selling intoxicating liquor, and sentenced to imprisonment in the county jail for a period of 30 days and to pay a fine of $150 and the cost of prosecution. From that judgment he appeals. Affirmed.

*J. E. Whitehead,* for plaintiff in error.
*Fred S. Caldwell,* for defendant in error.

OWEN, JUDGE. The petition in error filed in this case contains 10 assignments of error. The first four are to the jurisdiction of the lower court to try and determine the case. The defendant was indicted by the grand jury in the district court of Pittsburg county at the March term, 1908. Upon motion of the county attorney, the indictment was transferred to the county court of Pittsburg county, where the defendant was tried and convicted. Under these four assignments, it is urged that the district court had no jurisdiction of this case, and therefore the county court did not acquire jurisdiction upon the removal of the case from the district court. This question was presented to this court in the case of *Paul Antonelli v. State,* (decided at this terms), *ante,* p. 580, 107 Pac. 951, and settled there adverse to counsel's contention. We deem it unnecessary to discuss this question here more than to refer to the decision in that case with approval.

Under the fifth assignment of error, it is urged that the lower court erred in not sustaining the defendant's demurrer to the testimony offered on the part of the state, for the reason that the evidence fails to show that the drink sold was intoxicating. The evidence is to the effect that the defendant sold beer.

Under the eighth assignment, practically the same question is raised by objection to the instruction of the court that "beer" without any qualification in its ordinary acceptation imports a malt and intoxicating liquor, and is intoxicating. This question was also presented in the case of *Antonelli v. State, supra,* and settled against the contention of counsel. We think the conclusions in that case are correct, and so hold here.

Under the sixth assignment, counsel insists that the court erred in refusing to permit witnesses on part of the defendant to answer the questions asked them by the attorney for the defendant as to whether the drink known as "long horn" is intoxicating. These witnesses, it appears, had testified that the beer sold by the defendant had about the same effect upon them as the drink known as "long horn." The defendant then sought to prove that "long horn" was not intoxicating. Counsel does not undertake to point

out under what rule of evidence this testimony was competent. There was no proof of a chemical analysis that the beer sold and the drink known as "long horn" were the same, neither were the witnesses qualified as experts. We find no error in the action of the court in refusing to permit the witnesses to answer these questions.

Under the seventh assignment of error, counsel urges that the court erred in refusing the instructions requested by the defendant. The instructions given by the court clearly state the law, and for that reason it was not error to refuse the instructions requested by the defendant.

The ninth and tenth assignments are directed to the action of the court in overruling the motion in arrest of judgment and the motion for new trial, and raise no questions other than those presented under the other assignments.

Counsel for the plaintiff in error filed a supplemental brief in this case, in which he insists that plaintiff in error was tried and acquitted in a case, numbered 115, in the county court of Pittsburg county, and that his acquittal in that case was a bar to the prosecution in this case. It does not appear from the case-made that the acquittal in the first case was pleaded as a bar in the second. On the contrary, on page 4 of the case-made, appears the following:

"And thereupon, on the same day, defendant being called to the bar of the court for arraignment, he waived the arraignment and for his plea to said indictment states that he is not guilty."

Section 5418, Wilson's Rev. & Ann. St. 1903, in providing for the three different pleas allowed to an indictment, contains the following provision:

"If he plead a former conviction or acquittal: * * * The defendant pleads that he has already been convicted [or acquitted, as the case may be], of the offense charged in this indictment, by the judgment of the court of —— [naming it], rendered at —— [naming the place], on the —— day of ——."

The plea of former acquittal not having been entered as

required by statute, it cannot be considered by this court. The judgment of the lower court is affirmed.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.