PAUL ANTONELLI *et al.* v. STATE.

No. A-30. Opinion Filed March 22, 1910.

(107 Pac. 953.)

1. JURISDICTION—District Courts — Misdemeanors. The district courts of the state, under section 18 of the Bill of Rights, have the implied jurisdiction to receive and dispose of indictments for misdemeanors, and the proper exercise of this jurisdiction is to transfer the cases to the court having jurisdiction to try and determine the same.

2. INTOXICATING LIQUORS—Indictment — Sufficiency — Venue. An indictment alleging the unlawful sale of intoxicating liquor in Pittsburg county is sufficient as to venue. It is not neces-

sary that the indictment allege the particular place in Pittsburg county where the liquor was sold.

3. INDICTMENT AND INFORMATION—Duplicity. An indictment which alleges that the defendant did unlawfully sell, barter, give away, and otherwise furnish intoxicating liquor, beer, ale, and wine is not subject to demurrer for duplicity.

4. INTOXICATING LIQUORS—Illegal Sale of "Beer"—Burden of Proof. When the word "beer" is used without restriction or qualification, it denotes an intoxicating malt liquor, and, being included by the constitutional provision among intoxicating liquors, one who sells beer has the burden of proof to show it is not intoxicating if he so claims.

(Syllabus by the Court.)

*Error from Pittsburg County Court; R. W. Higgins, Judge.*

The plaintiffs in error, Paul Antonelli and A. H. Dreyfus, were indicted in the district court of Pittsburg county on the 29th day of January, 1908, charged with violating the provision of the Constitution against the sale of intoxicating liquor, were convicted and sentenced to imprisonment in the county jail for a term of six months and to pay a fine of $500.

The case is before us on appeal. Affirmed.

The plaintiffs in error were indicted in the district court of Pittsburg county on the 29th day of January, 1908, charged with violating the provision of the Constitution against the sale of intoxicating liquor, were .convicted, and sentenced to· imprisonment in the county jail for a term of six months and to pay a fine of $500. The case is before us on appeal.

*J. G. Harley,* for plaintiffs in error.
*Fred S. Caldwell,* for the State.

OWEN, JUDGE. The questions involved in this case are in all things identical with the case of *Paul Antonelli v. State,* (No. A-29, decided at this term.) *ante,* p. 580, 107 Pac. 951, and the decision of this court in that case determines the questions here. In disposing of this case, we deem it unnecessary to do more than to refer to that case, together with the authorities there cited.

The judgment of the lower court is affirmed.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.