## B. B. MOSS v. STATE.

No. A-60. Opinion Filed November 23, 1910.

1. **INTOXICATING LIQUORS—Detectives—Entrapment.** The state is not estopped from prosecuting a violation of the prohibition law because the purchase of the liquor was made at the instance of the prosecuting attorney and for the purpose of instituting a prosecution thereon.

2. **INFORMATION—Verification — Conclusiveness.** Where an information in legal form is verified as true in positive terms, such verification constitutes a sufficient showing of probable cause to authorize the issuance of a warrant of arrest and to put the defendant on trial; and on a motion to quash the information no issue can be made as to the knowledge or want of knowledge of the facts charged on the part of the person who verified the information; nor can the information be set aside on the ground that the person who verified it had no personal knowledge of the facts alleged.

3. **INTOXICATING LIQUORS — "Beer" Presumed Intoxicating.** Where a defendant is prosecuted under sec. 7, art. 1, of the state Constitution for selling intoxicating liquor, to wit "beer," and the state proves that the defendant sold beer, the presumption is that the same was intoxicating, and the burden is on the defendant to rebut the presumption by evidence. If no evidence is adduced upon that question by either side, the presumption that the beer sold was intoxicating is conclusive on the jury. jury.

4. **SAME—Reasonable Doubt—Duty to Instruct Jury.** In rebutting the presumption arising in such case that the beer sold was intoxicating, the defendant is required to produce only sufficient evidence to raise a reasonable doubt as to its intoxicating quality. When that is done it devolves upon the state to show beyond a reasonable doubt that the beer sold was in fact intoxicating; and it is error to refuse to so instruct the jury when properly requested by the defendant, provided evidence

has been produced tending to show that the beer sold was not intoxicating.

5.     **INTOXICATING LIQUORS—Constitutional Offense—Allegations and Proof.** Under sec. 7, art. 1, of the state Constitution, forbidding the sale of "intoxicating liquor, including beer, ale and wine," it is necessary to allege that the liquor sold was intoxicating, and to prove that fact either by evidence of its intoxicating quality or effect, or by evidence showing that the liquor sold was of that kind presumed by law to be intoxicating.

6.     **SAME—Statutory Offense.** Under sec. 1 of art. 3 of the Act approved March 24, 1908, (sec. 4180 of Snyder's Comp. Laws.) forbidding the sale of "any spirituous, vinous, fermented or malt liquors or any imitation or substitute therefor," it is necessary neither to allege nor prove that the liquor sold was intoxicating. The allegation and proof that the liquor sold was a spirituous, vinous, fermented or malt liquor, as the case may be, or an imitation of or a substitute for one or the other of those liquors is sufficient, and it will be no defense to show that the liquor was not intoxicating.

7.     **SAME—Percentage of Alcohol.** The further provision of sec. 4180 of Snyder's Comp. Laws forbidding the sale of "any liquors or compounds of any kind or description whatsoever, whether medicated or not, which contain as much as one-half of one per centum of alcohol measured by volume, and which are capable of being used as a beverage," etc., is intended to prohibit the sale of patent medicines and medicated drinks and compounds which contain alcohol and are capable of being used as a beverage, and in no sense modifies or qualifies the preceding provision forbidding the sale of "spirituous, vinous, fermented or malt liquors or any imitation or substitute therefor."

8.     **INSTRUCTIONS—Requests — Substance Already Given.** It is not error to refuse a requested instruction where the court has already given the substance of the request in other proper instructions.

9.     **INTOXICATING LIQUORS—Information—Purchaser Unknown.** Where an information charges that the defendant sold intoxicating liquor to some person whose name is unknown to the informant, the information is not demurrable on account of the failure to state the name of the purchaser.

10.     **SAME—Purchaser Known — Variance.** Where an information alleges that defendant sold intoxicating liquor to some person whose name is unknown to the informant, in the absence of any evidence on the question, the verity of the allegation that the name of the purchaser was unknown at the time of filing the information will be presumed. But if the evidence affirmatively shows that the name was known to the informant at the time

of filing the information, the variance 'between the allegation and the proof is fatal.

11.   **SAME—Variance—Presumptions—Evidence.** If there is no evidence adduced by either side tending to show that the name of the purchaser was known to the informant at the time of filing the information, the presumption of the verity of the allegation that it was unknown 'becomes conclusive on the court and jury. If the possession of such knowledge by the informant at the time of filing the information is admitted by the prosecution or conclusively and indisputably shown, then the question is one for the court only; but if there is evidence tending to show the fact of knowledge on the part of the informant, but which falls short of conclusive proof, then the question is one for the jury under proper instructions.

12.   **SAME—Name of Purchaser Known — Necessity of Allegation.** A county attorney and an enforcement attorney each represented the state in the enforcement of the prohibition law, and each had authority in the county; the enforcement attorney knew of a sale of liquor and the name of the purchaser, the purchase being made at his instance; the county attorney prepared and signed an information charging the defendant with the sale and alleging the name of the purchaser to be unknown to him; the enforcement attorney then and there verified the information, and assisted in the prosecution, and the information was never amended. **Held,** that the enforcement attorney could not lawfully withhold from the county attorney the name of the purchaser, if he in fact did so, thus making the allegation that the purchaser's name was unknown to the informant a mere subterfuge to avoid disclosing the name; and that a showing of such facts constituted a fatal variance between the allegation and the proof, entitling the defendant to an acquittal.

(Syllabus by the Court.)

*Appeal from Oklahoma County Court; Sam Hooker, Judge.*

B. B. Moss was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

*Burwell, Crockett & Johnson,* for plaintiff in error.—On necessity of instruction on "reasonable doubt" as to intoxicating character of liquor: *Mass v. Territory,* 10 Okla. 714; *People v. Ah Gee Yung* (Cal.) 24 Pac. 860. On necessity of alleging name of purchaser when known: *U. S. v. Riley,* 74 Fed. 210; *U. S. v. Scott,* 75 Fed. 213; 22 Cyc. 465, sec. 11; 10 Enc. Pl. & Pr. 507; *Cameron v. State,* 13 Ark. 712; *Oxier v. U. S.* (Ind. Ter.) 38 S. W. 331; *State v. Wisebeck* (Mo.) 40 S. W. 946; *State v. Stowe*

(Mo.) 33 S. W. 799; *Boren v. State* (Tex.) 4 S. W. 463; *McCloy v. State* (Tex.) 80 S. W. 524; *Sault v. People* (Colo. App.) 34 Pac. 263; *State v. Carey* (Wash.) 46 Pac. 1050; *Terry v. State* (Ala.) 26 So. 776; *Wells v.· State* (Ala.) 7 So. 272; *Comm. v. Thornton,* 14 Mass. 41; *Comm. v. Stoddard,* 9 Mass. 280.

*Fred S. Caldwell,* for the State.—On prosecution through entrapment: *De Graff v. State,* 2 Okla. Cr. 519. On verification of information: *De Graff v. State, supra; Salter v. State,* 2 Okla. Cr. 464; *Ex parte Flowers,* 2 Okla. Cr. 430.

RICHARDSON, Judge. The evidence in this case tended to show that H. C. Burwick and S. W. Fenton, at the instance of an enforcement ·attorney representing the state in cases arising under the prohibition laws, went to plaintiff· in error and purchased from him two bottles of beer, the purpose being to ascertain whether plaintiff in error was engaged in selling liquor and to bring him to account if he was. Upon that sale this prosecution was predicated; and it was contended both here and below that under those circumstances the state was estopped and precluded from prosecuting or punishing plaintiff in error for doing that which the state through its duly commissioned prosecuting officer had solicited him to do.

This same question· has already been decided by this court adversely to plaintiff in error's contention in three cases. *De Graff v. State,* 2 Okla. Cr. 519, 103 Pac. 538; *Caveness v. State,* 3 Okla. Cr. 729, 109 Pac. 125; and *Slack et al. v. State, ante,* p. 1, 109 Pac. 126. The law alleged to have been violated was enacted for the benefit and protection of all the people, for the promotion and preservation of their health, sobriety, thrift, peace and safety; it was not enacted in the special interest of the prosecuting officers, and a violation thereof is an offense not against the prosecuting attorney but against the state. Prosecutions for offenses of this character are in the interest of the public solely, and the prosecuting officer can neither repeal the law, pardon the offender, nor grant indulgences; nor can he lawfully give immunity except in those instances provided for by law. It is no less an offense to

sell intoxicating liquor for any purpose to a sheriff or prosecuting attorney, or to an agent or representative of either, than it is to sell to any one else; and a sale made to such officer or his agent, though solicited by him for the purpose of detecting the commission of the offense and of instituting a prosecution therefor, is punishable, and the officer's solicitation works no estoppel to a prosecution. The pith of the matter was well stated by Justice Vann in *People v. Mills,* 178 N. Y. 274, 70 N. E. 786, when he said:

"We are asked to protect the defendant, not because he is innocent, but because a zealous public officer exceeded his powers and held out a bait. The courts do not look to see who held out the bait, but to see who took it."

We are aware that there are some decisions which apparently uphold the doctrine contended for by plaintiff in error, but the overwhelming weight of authority, and in our opinion all the reasoning, is on the other side, especially in that class of cases where the offense is one of a kind habitually committed, and the solicitation merely furnishes evidence of a course of conduct. See *Onondaga County Com'rs v. Backus* (N. Y.) 29 How. Pr. 33; *Tripp v. Flanigan,* 10 R. I. 128; *People v. Murphy,* 93 Mich. 41, 52 N. W. 1042; *People v. Liphardt,* 105 Mich. 80, 62 N. W. 1022; *People v. Everts* (Mich.) 70 N. W. 430; *People v. Rush* (Mich.) 71 N. W. 83; *City of Evanston v. Meyers* (Ill.) 50 N. E. 204; *State v. Jansen,* 22 Kan. 498; *State v. Stickney* (Kan.) 36 Pac. 714; *People v. Mills,* 178 N. Y. 274, 70 N. E. 786; *United States v. Whittier,* 5 Dill. 35; *Bates v. United States,* 10 Fed. 92, and note; *United States v. Moore,* 19 Fed. 39; *United States v. Dorsey,* 40 Fed. 752; *Shepard v. United States,* 160 Fed. 584; *Grimm v. United States,* 156 U. S. 604; *Goode v. United States,* 159 U. S. 663; *Andrews v. United States,* 162 U. S. 420; *Price v. United States,* 165 U. S. 311. In many instances habitual and flagrant violations of the liquor laws can be detected by no other means. The officer or his agent may furnish the defendant in such cases the opportunity to sell, but he does not furnish the defendant the liquor

or the intent to sell; and the sale to an officer is not more meritorious or less criminal than if made to some other person. We find nothing in the law or in public policy forbidding the detection of both the offense and the offender in this manner; and we have no criticism to expend upon a public officer who may find it necessary or expedient to adopt this means of discovering infractions of this law.

The information in this case was signed by the county attorney of Oklahoma County, and was verified in positive form by the affidavit of the enforcement attorney at whose instance Burwick and Fenton are said to have purchased the beer. During the trial of the cause it developed that said enforcement attorney had no personal knowledge of the matters charged, and that his only information with respect thereto was obtained from the report of said Burwick and Fenton. When this fact was developed, plaintiff in error filed a motion to quash the information on that ground, alleging that he did not know, until it was shown by the testimony given in the course of the trial, that the person who verified the information had no personal knowledge of the facts charged. The court overruled this motion and the ruling is assigned as error.

We think there was no error in the court's ruling. An information which is not verified at all, or which on its face shows that it is verified only on information and belief, should be quashed or set aside on a timely motion for that purpose, for the reason that such verification constitutes no sufficient showing of probable cause. But where the information is verified in positive terms as true, it constitutes a showing of probable cause, even though it may subsequently develop that the affiant had no personal knowledge of the facts alleged. Such verification makes a *prima facie* showing, which is all that is required; and on a motion to quash no issue can be made as to the knowledge or want of knowledge of the person who verified the information. The verification supports the information as the testimony taken before the grand jury supports an indictment. The want of a verification or a verification insufficient on its face will justify the quashing of the

information on a seasonable motion, just as a showing that an indictment was found and returned upon no testimony or upon wholly insufficient testimony before the grand jury, will justify setting the indictment aside. But, just as an indictment cannot be set aside on a showing that the testimony upon which it was found, though competent and apparently sufficient, was in fact false and perjured, so an information properly verified on its face cannot be set aside on a showing that the affiant had no personal knowledge of the matters to which he swore in verifying it. The sufficiency of the verification must be determined from what is stated therein, and not from evidence *aliunde.*

Plaintiff in error has cited no authorities sustaining his position, and after a diligent search we have been able to find none. The adjudicated cases are all against his contention. Thus in *Holt v. People,* 23 Colo. 1, 45 Pac. 374, the court said:

"By bill of exceptions, so much of Radford's testimony, taken on the trial, is presented as shows that he was not in the town where the killing occurred until the Saturday following. It by no means follows from this fact alone that the affiant was not in possession of sufficient knowledge to enable him to swear that the offense had been committed, and that the defendants were probably guilty of perpetrating it.

"To say that the probable cause contemplated in section 7, article 2, of our bill of rights, must be shown by the oath or affirmation of an eye witness to the perpetration of an offense, or by one who has actual knowledge, from personal observation, of the commission of the crime, would preclude the people from legally prosecuting a large proportion of the crimes usually committed, and prevent the enforcement of the criminal law in all cases where resort must be had to circumstantial evidence, since the oath or affirmation required by this section of our bill of rights is an essential prerequisite to an arrest, whether a preliminary examination is to be had, or the warrant is to issue on an information. Nor are we prepared to say that when an affidavit is made in conformity to the requirements of the statute, that it is within the power of the accused to attack, by counter affidavits or otherwise, the truth of any of its essential

statements. Certainly no authority for such a practice is found in the statute, and, in our opinion, ought not to be tolerated."

In *Bergdahl v. People,* 27 Colo. 302, 61 Pac. 228, we find the following:

"In support of the second ground, attacking the sufficiency of the verifications of these informations, it is urged that inasmuch as the testimony disclosed that the party who verified them did not have personal knowledge of the guilt of the plaintiffs in error, therefore they were not properly verified. Whether or not an affidavit upon which an information is based complies with the statute must be determined from the context of the affidavit itself, and its statements cannot be attacked by extraneous evidence."

And in *Barr v. People,* 30 Colo. 522, 71 Pac. 392, the syllabus reads as follows:

"Where an affidavit upon which a criminal information is based states that affiant has personal knowledge that the offense was committed and that he is a competent witness to testify in the case, the truth of such statement cannot be put in issue by defendant, and the fact that it was shown on the trial of the case that affiant had not personal knowledge of the commission of the offense, but only such knowledge as he had gained from the report of others, is not ground for reversing a conviction."

And again in *Overland Cotton Mill Co. v. People,* 32 Colo. 263, 75 Pac. 924, 105 Am. St. Rep. 74, the same court said:

"During the progress of the trial it developed from the testimony that the party who made the affidavit supporting the information did not have personal knowledge that the defendants had committed the offense charged. Thereupon they moved to quash the information. The motion was denied. There was no error in this ruling. Whether or not an affidavit to support an information states the facts required by the statute, must be determined from the affidavit itself. Its statements cannot be attacked by extraneous evidence, or upon the ground that the testimony may disclose that the party who verified it did not have the knowledge relative to the offense charged which the statute requires."

In *State v. Carey,* 56 Kan. 84, 42 Pac. 371, the syllabus by the court is as follows:

"An objection to a warrant that the person who verified the complaint, although in positive form, had no knowledge of the

facts, save such as were based upon rumor, hearsay, information, and belief, and a subsequent plea in abatement to an information for a felony on the same ground, were properly overruled without any evidence thereon."

In the *City of Holton v. Bimrod,* 8 Kan. App. 265, 55 Pac. 505, which was a prosecution for selling intoxicating liquor, the court said:

"The complaint in this case was sworn to positively, and it was not error to refuse to hear evidence to impeach such complaint by showing that the prosecuting witness had no knowledge of the facts, except such as were based on rumor, hearsay, information and belief."

This cause was then appealed from the Court of Appeals to the Supreme Court of Kansas, and that court in 61 Kan. 13, 58 Pac. 558, said:

"The original complaints, upon which warrants were issued by the police judge for appellants' arrest, were sworn to positively and not on information and belief. The appellants sought to introduce testimony showing that the prosecuting witnesses had no personal knowledge of the facts stated in the complaints, for the purpose of proving want of probable cause. Such testimony was not entitled to consideration. The verifications being positive in form, the requirements of the bill of rights were wholly satisfied. The secret reasons of the prosecuting witnesses for making the complaints could not be inquired into for the purpose of invalidating the warrants. Sufficient probable cause was made to appear to the magistrate for the issuing of the warrants by the charges made and the positive form of the verifications. (*The State v. Moseli,* 49 Kan. 142, 30 Pac. 189; *The State v. Brooks,* 33 *Id.* 708, 7 Pac. 591; *The State v. Dugan,* 52 *Id.* 23, 34 Pac. 409; *The State v. Carey,* 56 *Id.* 84, 42 Pac. 371.)"

This question was also passed upon by the Court of Appeals of Missouri in the case of *State v. Pitts,* 70 Mo. App. 446. The court said:

"The defendant was tried and convicted of an assault on a child. The information was filed in the St. Louis Court of Criminal Correction. It was signed by the prosecuting attorney and was supported by the affidavit of a competent witness. The defendant moved to quash it, upon the ground that the subscrib-

ing witness had no personal knowledge of the commission of the offense. On the hearing of the motion the court permitted the defendant to introduce evidence which tended to show that the witness did not see the defendant commit the assault, and that his only knowledge of it was the admission of the defendant that he had whipped the child. The court overruled the motion, and the defendant excepted.

"The information was filed in a court of record and hence is governed by section 4057 of the Revised Statutes of 1889. That section provides, that all informations shall be signed by the prosecuting attorney, and shall be verified by his oath, or by the oath of some person competent to testify as a witness in the case, or be supported by the affidavit of such person. In the impeachment of such an information it might probably be shown that the person who made the affidavit is not a competent witness, or that his signature was a forgery. The case of *State v. Grady,* 84 Mo. 220, would seem to authorize this. There it was held competent to show that an indictment was found without hearing any evidence. In the case at bar the defendant attempted to show that the information was based on insufficient evidence, which the Supreme Court in the Grady Case, *supra,* expressly decided could not be done. We, therefore, hold that the motion to, quash the information was properly overruled."

The same question was before the Supreme Court of Florida in *Lee v. Van Pelt, Sheriff,* 48 So. 632, and the court there held that a verification in due and legal form was not subject to be impeached, saying:

"We have found no case in which an attack has been sustained upon an affidavit charging a specific offense in positive terms, on the ground that the affiant had no knowledge of the facts."

The foregoing are all the cases we have been able to find on the question, and as will be seen they are all of one accord. When we consider the great variety of criminal cases, the widely different forms in which they arise, and in many instances the various and disconnected sources from which fragmentary pieces of evidence must be obtained, conclusive when considered together but no portion of which is sufficient alone, and the further fact that the circumstances are often such that no one witness in the case

can truthfully say that he has personal knowledge that all the facts necessary to be charged in the information are true, it may well be doubted whether the law contemplates that the verification of an information must be made by one having personal knowledge of all the essential facts charged. In any event we are in accord with the cases cited above, and we hold that where the verification of an information is in due form, no issue can be made as to the knowledge or want of knowledge of the person who verified it for the purpose of quashing or setting aside the information, either before the trial or during its progress.

This prosecution was instituted under that provision of section 7 of article 1 of the state Constitution which provides that, "Any person, individual or corporate, who shall manufacture, sell, barter, give away or otherwise furnish any intoxicating liquor of any kind, including beer, ale and wine, contrary to the provisions of this section, shall be punished," etc. The information in this case charged plaintiff in error with selling "intoxicating liquor, to wit, beer"; and plaintiff in error requested the court to give the jury the following instruction:

"You are further instructed that the word 'beer,' as used in this information and for the sale of which the defendant is now being prosecuted, means a fermented liquor, chiefly made of malt, and denotes a beverage which is intoxicating and refers to such beverage as is sold, used, and drank as such, and the word 'beer' as used in the Constitution of the State of Oklahoma, and as used in the information in this case does not include any beverage which although made of malt, in connection with the other ingredients, is not intoxicating."

The court refused to give this instruction, and plaintiff in error excepted and has assigned such refusal as error. We think that the instruction requested was a proper instruction, and that it would not have been error to have given it; but upon an examination and consideration of the instructions given by the court we are also of the opinion that it was not error to refuse it. The court told the jury that before they could convict the defendant, they must find from the evidence beyond a reasonable doubt that

4 Cr.—17

he sold intoxicating liquor, and that the said intoxicating liquor so sold was beer. This covered all that was contended for by plaintiff in error in the instruction requested, for his whole argument is directed to the fact that to warrant a conviction, the liquor sold must have been intoxicating. It is true the court did not tell the jury that beer was a fermented liquor made chiefly of malt; but there could have been no error in this, for all the evidence on that question, both on the part of the state and on the part of the plaintiff in error, tended to show that the liquor alleged to have been sold in this instance was made of malt, and that it had progressed to a certain degree of fermentation, and the only question as to the character of the liquor was whether or not it was intoxicating. The court gave to the jury in substance the material part of the requested instruction, and there was no necessity for repeating it in the form requested.

The court further instructed the jury as follows:

"No. 7. If you find from the evidence in this case that the article alleged to have been sold by the defendant Moss to the witness Fenton was beer, then it is presumed that the same was intoxicating, and it is not incumbent upon the state to establish its intoxicating qualities, but if the defendant contends that the same was not intoxicating, then it devolves upon him to remove this presumption by evidence."

In connection with this instruction plaintiff in error requested and the court refused to give this additional instruction:

"But you are further instructed that if after considering all the evidence in the case, you entertain a reasonable doubt of the ingredients in the two bottles claimed to have been purchased by the prosecuting witness Fenton being intoxicating, then and in that event the defendant would have met the requirements of the law, and you should acquit him, for in this case the defendant having offered some evidence tending to show that the ingredients of the two bottles were not intoxicating, if such evidence has been sufficient to and does raise in your mind a reasonable doubt as to whether the liquid in the bottles contained such quality, then the burden would be upon the state to overcome such doubt and establish by evidence beyond a reasonable doubt that the ingredients

of such bottles was not only beer, but that it was at the time of the alleged sale thereof an intoxicating liquor."

The instruction given by the court was correct, for the reason that the information was drawn under that section of the Constitution which prohibits the sale of "intoxicating liquor, including beer, ale and wine." The Constitution classes beer as an intoxicating liquor; this makes it presumptively so, and it is therefore incumbent upon the defendant, when it is shown that the article which he sold was beer, to remove by evidence the presumption thus created that it was intoxicating, and if no evidence as to its intoxicating quality is introduced by either side, the presumption that it was intoxicating is conclusive upon the jury. *Antonelli v. State,* 3 Okla. Cr. 580, 107 Pac. 951; *Antonelli v. State,* 3 Okla. Cr. 585, 107 Pac. 953; *Petitti v. State,* 3 Okla. Cr. 587, 107 Pac. 954. But in this case considerable evidence was introduced tending to show that the liquor in question was not intoxicating; and that being true, in connection with the instruction given by the court we think he should also have given the instruction requested by plaintiff in error or some instruction substantially its equivalent. How far must a defendant go to remove the presumption that the beer sold was intoxicating? Must he prove beyond a reasonable doubt or by a preponderance of the evidence that it was not, or is he required only to introduce evidence sufficient in quality and quantity to raise a reasonable doubt as to whether or not the liquor sold was intoxicating? We think the latter is the extent of his burden; and if he produces evidence sufficient to raise a reasonable doubt in the minds of the jury as to whether or not the beer sold was in fact intoxicating, then before the state is entitled to a conviction it must overcome such reasonable doubt thus engendered by proof beyond a reasonable doubt that the beer so sold was in fact intoxicating. *Antonelli v. State, supra.* In the absence of a specific request for an instruction such as was made in this case, the general instruction on the presumption of innocence and the burden of proof would be held sufficient as limiting the extent to which the defendant must go in rebutting

the presumption.  But where there is evidence tending to rebut the presumption, and a specific request for an explanatory instruction is made as in this case, it is error to refuse the request unless the matter is substantially covered by some other instruction.

There is a vast difference between the constitutional provision and the statutory provision in regard to the sale of liquors, and both the constitutional provision and the statutory provision (Acts 1907-8, page 603) are in force.  Under the former the liquor sold must be intoxicating; the Constitution creates the rebuttable presumption that all beer, ale and wine are intoxicating, and the courts take judicial notice that alcohol and whisky are intoxicating. The proper allegation in an information drawn under the constitutional provision is that the defendant did barter, sell, give away, etc., intoxicating liquor, naming or describing it.  The statutory provision (section 4180, Snyder's Comp. Laws) provides that, "It shall be unlawful for any person, individual or corporate, to manufacture, sell, barter, give away or otherwise furnish except as in this act provided, any *spirituous, vinous, fermented or malt liquors or any imitation or substitute therefor.*"  Under this provision it is necessary neither to allege nor prove that the liquor sold was intoxicating.  All that it is necessary to allege is that it was spirituous, vinous, fermented or malt, as the case may be, or that it was an imitation of or substitute for one or the other of those liquors; and proof of that fact will warrant a conviction, and it will be no defense to show that the liquor was not intoxicating.  Immediately following that provision of the statute we find also the further provision, "Or  to manufacture, sell, barter, give away or otherwise furnish any liquors or compounds of any kind or description whatsoever, whether medicated or not, which contain as much as one-half of one percentum of alcohol, measured by volume, and which is capable of being used as a beverage, except preparations compounded by any licensed pharmacist, the sale of which would not subject him to the payment of the special tax required by the laws of the United States."  This provision is intended to forbid the sale of patent medicines and medicated drinks and compounds

which contain alcohol and are capable of being used as a beverage. It has no reference to the provision immediately preceding it; and the requirement found in this provision that the liquor must contain as much as one-half of one per centum of alcohol measured by volume to fall within the inhibition of the statute, is not a requirement of the provision prohibiting the sale of spirituous, vinous, fermented or malt liquors or any imitation thereof or substitute therefor. But whenever the prosecutor elects to institute the prosecution under the constitutional provision instead of the statutory one, then the liquor sold must be intoxicating; and wherever the legal presumption arises that the liquor sold was intoxicating, that presumption is not conclusive but is subject to be rebutted by evidence on the part of the defendant. And where there is rebutting evidence, the jury should be specifically instructed, if the defendant requests it, that if upon a consideration of all the evidence they entertain a reasonable doubt as to whether or not the liquor sold was intoxicating, then they should give the defendant the benefit of that doubt and acquit him. The court therefore committed error in refusing this instruction requested by plaintiff in error.

The information in this case charged that plaintiff in error "did then and there unlawfully, wrongfully and wilfully barter, sell and give away certain intoxicating liquors, to wit, beer, to divers persons unknown to the informant." Plaintiff in error on being arraigned demurred to the information, and at the beginning of the trial objected to the introduction of any evidence, on the ground that the information did not state the name of the person or persons to whom the sale was made. The demurrer and objection were properly overruled. The information should state the name of the purchaser if it is known; but if his name is in fact not known, the information may properly charge that the sale was made to some person whose name is unknown to the informant; and it will not be demurrable on that account.

The particular sale relied on in this prosecution was one alleged to have been made to S. W. Fenton on July 21, 1908. The

evidence for the prosecution disclosed that said Fenton and one Burwick, under the direction of the enforcement attorney already mentioned, went together to plaintiff in error for the purpose of purchasing the beer in question; that Fenton purchased two bottles of beer which he and Burwick immediately delivered to the enforcement attorney, who marked the bottles for identification in the witnesses' presence and put them in his safe, and that this information was filed against plaintiff in error on that day. At the conclusion of the evidence for the state plaintiff in error moved the court to instruct the jury to acquit for the reason that the evidence did not sustain the allegations in the information, which motion was overruled. In many jurisdictions it is held that where the name of the person injured or of any person who was an essential actor in the transaction out of which the offense arose is alleged to have been unknown to the grand jury or the informant, and the name is known and shown during the trial, the truth of the allegation that it was unknown to the grand jury or officer making the accusation at the time of returning or filing the same must be specifically proven as one of the essential averments of the charge; and the omission by the state to prove that fact is held to be a failure of proof as to an essential allegation entitling the defendant to an acquittal. But the better rule seems to be that in the absence of any proof on the part of the state or the defendant touching the matter, the verity of the allegation will be presumed, and the burden is on the defendant to show affirmatively that the accusing officer or tribunal did in fact know the name of such person. This rule was announced by the Supreme Court of the Territory in *Reeves v. Territory*, 10 Okla. 194, 61 Pac. 828; it was declared by the Supreme Court of the United States in *Coffin v. United States*, 156 U. S. 432; it is the rule in many of the states in the Union, and we shall follow it as the law in this jurisdiction. But where the evidence adduced either on the part of the state or the defendant affirmatively shows that the name of an essential person alleged in the accusation to have been unknown was in fact known to the grand jury or informant, there is a fatal variance

and the defendant is entitled to an acquittal. For where the information charges a sale of liquor to a person whose name was unknown to the informant, and the proof shows a sale to a person whose name was in fact known to the informant at the time of filing the information, the variance is as fatal as though the sale were alleged to have been made to John Doe and the proof showed a sale to Richard Roe. If there is no evidence adduced by either side tending to show that the name was known at the time of filing the information, the presumption of the verity of the allegation becomes conclusive upon the court and the jury. If the possession of such knowledge at the time of filing the information is admitted by the prosecution or conclusively and indisputably shown, then the question is one for the court only; but if there is evidence tending to show the fact of knowledge on the part of the informant, but which falls short of conclusive proof, then the question is one for the jury under proper instructions.

In this case the information was signed by the county attorney, who was the informant. It was verified by an enforcement attorney to whom the statute gives all the powers of county attorneys in their respective counties in the enforcement of the prohibition laws, and who assisted in the prosecution of this case. The evidence for the prosecution shows positively that the enforcement attorney knew when he verified the information that one alleged sale was made to Fenton; and the enforcement attorney was acting as a sworn prosecuting officer concurrently with the county attorney, both representing the state. If he did not disclose to the latter the name of the person to whom the sale was made, he should have done so. At the time the information was drawn, verified and filed, and at every subsequent stage of the proceeding, the name of the person to whom the sale was supposed to have been made was known to the state through its duly commissioned representative acting in conjunction with the county attorney in the enforcement of this law, in the institution of this prosecution and in the trial of this case; and the requirement that the name of the purchaser must be stated if known to the informant cannot be evaded by permit-

ting an enforcement attorney who has authority in the county concurrent with the county attorney in this class of cases, who knows the facts, verifies the information, and acts in conjunction with the county attorney in preparing, instituting and carrying on the prosecution, to withhold that knowledge from the county attorney who signs the information, thus making the allegation that the purchaser's name was unknown to the informant a mere subterfuge to avoid disclosing the name, and thereby withholding from the defendant important information respecting the charge against him which the accusation ought to furnish. Under the facts shown and admitted in this case, there was a fatal variance between this allegation and the proof, and the court should have directed a verdict of acquittal in accordance with plaintiff in error's motion to that effect.

For the errors indicated, the judgment of the county court is reversed and the cause remanded with directions to grant plaintiff in error a new trial.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.