STATE OF MISSOURI, Respondent, v. E. L. CLARK, Appellant.

**St. Louis Court of Appeals, June 30, 1911.**

1. **INDICTMENTS AND INFORMATIONS: Unofficial Verification.** Where an information is not verified or sworn to by the prosecuting attorney, but instead is verified by another, verification on information and belief is not sufficient but it must be by one having knowledge of the matter charged therein.

2. ————: **Verification by Prosecuting Attorney.** An information verified by the prosecuting attorney upon his information and belief is sufficient, under section 5057, Revised Statutes 1909, although it is supported by an insufficient affidavit of an individual filed with the information.

3. ————: ————: **Sufficiency of Affidavit.** An affidavit, charging a person with a misdemeanor, which is absolute and complete on its face, as though affiant had personal knowledge of the offense complained of, is sufficient to authorize the prosecuting attorney to file an information, verified by him according to his best information and belief, although the person making such affidavit has no personal knowledge of the offense complained of.

4. ————: ————: ————. In determining the sufficiency of an affidavit, upon which an information is based, the mere fact that it is made by one whose evidence is *insufficient* at the trial is immaterial, if he is a *competent* witness in the case.

Appeal from Scotland Circuit Court.—*Hon. Charles D. Stewart,* Judge.

AFFIRMED.

*Lewis Myers* and *John M. Jayne* for appellant.

*H. V. Smoot* for respondent.

NORTONI, J.—Defendant was convicted of a misdemeanor in the circuit court of Scotland county and from that judgment prosecutes an appeal.

The information which was filed in the circuit court by the prosecuting attorney charges defendant with the commission of a misdemeanor in due form and recites that the prosecuting officer "informs the court upon the affidavit of B. F. Moore heretofore filed in the office of the clerk of the circuit court on May 5, 1910, etc." At its conclusion, the information is properly signed, "Robert E. Dennison, Prosecuting Attorney," after which it is verified by the prosecuting attorney on his information and belief as follows:

"Robert E. Dennison, prosecuting attorney within and for the county and state aforesaid makes oath and says that the facts stated in the foregoing information are true according to his best information and belief.

ROBERT E. DENNISON, Prosecuting Attorney.

Subscribed and sworn to before me this 5th day of May, 1910.

R. W. CAMPBELL, Clerk Circuit Court.
(Seal)    By EARL MCDANIEL, Deputy."

Defendant filed a motion to quash the information for the reason that B. F. Moore, the informant, who made and lodged the affidavit against him, had no personal knowledge of the offense with which he was charged. On this motion to quash, evidence was introduced and B. F. Moore, the affiant, testified that, though he had made and filed the affidavit charging defendant with the offense and thus caused the prosecuting attorney to file the information, he had no actual personal knowledge of the commission of the offense charged. The court overruled the motion to quash, defendant excepted to that ruling and argues here the court erred in so doing. It is insisted that, as B. F. Moore, who filed the affidavit charging defendant with the commission of the offense, testified on the motion to quash that he had no personal knowledge of the

offense alleged against defendant, it was therefore incompetent to predicate an information thereon. So much of the statute (Sec. 5057, R. S. 1909) as is relevant to the matter in judgment reads as follows:

"All information shall be signed by the prosecuting attorney and be verified by his oath or by the oath of some person competent to testify as a witness in the case, or be supported by the affidavit of such person, which shall be filed with the information; the verification by the prosecuting attorney may be upon information and belief."

The affidavit of B. F. Moore was filed with the information as required by the statute, and so much is conceded. But it is to be noted that the information itself was signed by the prosecuting attorney and sworn to by him on his information and belief in accordance with the statute. The statute quoted requires the information to be signed by the prosecuting attorney and verified by his oath or by the oath of some person competent to testify as a witness in the case. It appears from this that all informations are to be signed by the prosecuting attorney, but all need not be verified by him, as it is sufficient for some person competent to testify as a witness in the case to verify the information itself. When the information is not verified or sworn to by the prosecuting attorney, but instead is verified by another, the verification must be by some individual having knowledge of the matters charged therein, and it is not sufficient for such person to verify it on his information and belief. So much is determined in State v. Hayward, 83 Mo. 299. But if the information be verified by the prosecuting attorney himself, as in this case, upon the information and belief of that officer, it is sufficient according to the express terms of the statute, though it be supported by an insufficient affidavit of some individual which is filed with the information, as here. In such circumstances, it has been pointedly determined by the Su-

preme Court that the information is valid regardless of any affidavit that may have been previously made by a complainant. [See State v. Nave, 185 Mo. 125, 84 S. W. 1.]

The precise point in judgment here has been determined heretofore by this court in State v. Pitts, 70 Mo. App. 446. Though B. F. Moore, who made the affidavit from which the prosecuting attorney received his information and upon which he based his belief, had no personal knowledge of the facts stated therein, the affidavit made by him appears to be absolute on its face, for as made it recites no qualification as if made on his (Moore's) information and belief. This affidavit is complete and absolute on its face, as though Moore had personal knowledge of the offense complained of; and it is certainly sufficient to authorize the prosecuting attorney to file an information on his information and belief which was duly verified by the officer himself. Conceding Moore to be without personal knowledge, he was a "person competent to testify as a witness in the case" in the sense of the statute. Nothing appears to indicate his "incompetency" as a witness, though it may be that the evidence he would give was insufficient. The mere fact that the affidavit is made by one whose evidence is *insufficient* in the trial has been expressly decided to be immaterial if it appears he is a competent witness in the case. [See State v. Pitts, 70 Mo. App. 446.] Be this as it may, it appears from the record before us that the witness, B. F. Moore, who made the affidavit was not only a competent witness but a witness who possessed actual and personal information with respect to a material issue in the case, for he testified on the trial that he had made measurements as to the location of the church and the place the offense was committed and found the distance from the church to defendant's barn to be 142 yards. This evidence was material to the issue under the provisions of section 4799, Revised

Statutes 1909, on which the information was predicated and for an infraction of which defendant was convicted. But aside from all of this, the information being verified by the prosecuting attorney in conformity to the statute above cited, on the information and belief of that officer, is sufficient, regardless of any affidavit that may have been previously made touching the matter. [See State v. Nave, 185 Mo. 125, 84 S. W. 1.]

Counsel for defendant argue we should construe section 4799 under which defendant was convicted so as to qualify it by reading other language therein, but this we decline to do. The circuit court properly construed the statute and declared the law according to its plain intent and purpose. The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.