ASA B. SEARLS, Plaintiff in Error, *v.* THE PEOPLE, Defendants in Error.

ERROR TO LEE.

In order to constitute the crime of fornication, the parties must dwell together openly and notoriously, in illicit intimacy.

Circumstances to raise the presumption of unlawful intimacy, should amount to enough to produce a belief or conviction of the judgment, that the parties have been cohabiting.

SEARLS was convicted in the Lee Circuit Court, WILKINSON, Judge, presiding, of the crime of fornication. The trial was had at March term, 1852.

The errors upon which the judgment is reversed are stated in the opinion of the court.

H. G. COTTON, for plaintiff in error.

B. C. COOK, for the people.

CATON, J. Searls and Amanda Hedley were indicted for living together in an open state of fornication. Searls alone was tried. On the trial, the court, at the request of the State's attorney, gave to the jury the following instructions: " That the offence with which the defendant is charged in this prosecution

is legally and sufficiently proved by circumstances which raise the presumption of cohabitation and unlawful intimacy; that in order to constitute this offence, even one act of sexual intercourse need not be proved by positive testimony, but that the offence is sufficiently proved by any circumstances which raise the presumption of unlawful intimacy, and sexual and adulterous intercourse."

It does not clearly appear that the giving of the first instruction was excepted to, but as to the second there is no doubt. To this, therefore, we shall confine ourselves. It was unquestionably erroneous. In order to constitute this crime, the parties must dwell together openly and notoriously, upon terms as if the conjugal relation existed between them. In other words, they must cohabit together. There must be an habitual illicit intercourse between them. The object of the statute was to prohibit the public scandal and disgrace of the living together of persons of opposite sexes notoriously in illicit intimacy, which outrages public decency, having a demoralizing and debasing influence upon society. They may indeed live together in the same family, but if apparently chaste, regularly occupying separate apartments, a single instance of illicit intercourse surely would not constitute the crime of living together in an open state of fornication. And yet, if this instruction were law, the jury were authorized to convict the defendant under such a state of facts. They were told that the offence were sufficiently proved by any circumstances which raise the presumption of unlawful intimacy, and sexual and adulterous intercourse. This was made out, if but a single delinquency were proved, even though the parties did not live together at all. From the very nature of the case, the offence must generally be proved by circumstances, and the statute provides that it "shall be sufficiently proved by circumstances which raise the presumption of cohabitation and unlawful intimacy;" but this presumption must be something more than a mere suspicion. It must amount to a reasonable belief or conviction of the judgment, not only of unlawful intimacy, but also of cohabitation. This measure of proof was not required by this instruction, and in giving it the court erred. The judgment must be reversed.

*Judgment reversed.*