THE STATE OF MISSOURI, Respondent, *vs.* JNO. D. CROWNER AND NETTIE GORDON, Appellants.

56 147
32a 95
56 147
107 21
56 147
130 406

1. *Criminal law—Open and notorious adultery—What constitutes.*—Persons in order to be guilty of living together in open and notorious adultery, as meant by the statute (Wagn. Stat., p. 500, § 8), must reside together publicly, in the face of society, as if the conjugal relation subsisted between them, and their illicit intercourse must be habitual and not occasional.

*Appeal from St. Louis Court of Criminal Correction.*

VORIES, Judge, delivered the opinion of the court.

The defendants in this case were prosecuted for living in a state of open and notorious adultery. The information upon which they were prosecuted charged : "That John D. Crowner and Nettie Gordon, as affiant believed, in St. Louis county, on the 1st day of May, 1873, and on divers other days and times between that day and the filing of the complaint, unlawfully did live together in a state of open and notorious adultery, the said John D. Crowner being then and there, on the day aforesaid, a married man, and having then and there a lawful wife alive and in being, other than the said Nettie Gordon, and the said John D. Crowner and the said Nettie Gordon not being then and there and on said other days lawfully married to each other, contrary to the form of the statute, etc."

The defendants pleaded not guilty. A jury was waived and the cause submitted to the court for trial. It appears from the evidence in the case, that the defendant, John D. Crowner, at and before the time that the offense stated in the information is charged to have been committed, was a married man, and was residing with his lawful wife, and keeping a hotel in the town of Franklin, in this State ; that about the last of July or the first of August in the year 1873, the defendants both together appeared at the house of Mrs. Fanny Fletcher, who then resided and kept a private boarding house at No. 1609, Second Carondelet Avenue, in the city of St Louis ; they represented that they had visited the house for the

purpose of looking at Mrs. Fletcher's rooms, with a view to rent or hire the use of one of them for occupation ; that they found a room that suited them and rented it for one month, paying the rent or price in advance ; that on the next day, which was Tuesday, they took possession of the room ; that they did not both occupy the room that night, but that defendant, Crowner, left and went away in the evening and did not return until the following Thursday evening, when he remained all night with the defendant, Nettie, in the room, and the witness was of the impression that both defendants stayed in the room three nights of that week, but was not certain as to any night but one.   This witness further testified, that there was only one bed in the room ; that she never saw or suspected anything improper between the defendants, until Mrs. Crowner came to the house on the last afternoon referred to, and broke the door open and found the defendants in the room together, which was the only time that Crowner was known to have been in the room with Nettie in the day-time.   It was further shown by the evidence, that on the first Sunday in August, 1873, defendant, Crowner, and his wife came to the city of St. Louis from the town of Franklin and put up at the house of a friend ; that Mrs. Crowner remained at the house of her friend all night, but that Crowner was absent during the day of their arrival, and did not return that night or the next day ; that in the afternoon of the next day, which was Monday evening, Mrs. Crowner and her lady friend with whom she was stopping, visited the house of Mrs. Fletcher at 1609, Second Carondelet Avenue, where Mrs. Crowner inquired for her husband.   She was directed to the room which had been rented by the defendants, where she knocked at the door for admission.   Admission being refused, she forced open the door and found the defendants in the room together, Crowner undressed and Nettie Gordon dressed as usual, only one bed in the room, which, from the appearance, had not been made up since being used ; that some disturbance was caused by this surprise, and Nettie Gordon took her furniture and left the room, to which she never returned.   It further appeared, that

defendant, Crowner, and his wife then returned to their home in Franklin together, where they resided together for several weeks, when Mrs. Crowner left to visit her friends in some of the Eastern States. The evidence also showed that Nettie Gordon had no knowledge that Crowner was a married man until his wife came to the room at Mrs. Fletcher's at the time before referred to.

This was substantially the evidence in the case. At the close of the evidence the defendants moved the court to make the following declarations of the law as applicable to the case:

First—" That if the court sitting as a jury shall find from the evidence that the defendants were not living together in a state of open and notorious adultery, but were simply at the time charged in the information stopping together in the same room occasionally, and were only guilty of occasional acts of illicit intercourse, then the court should find the defendants not guilty."

Second; "If the court, sitting as a jury, find and believe from the evidence, that the defendant, Nettie Gordon, did not know that the defendant, John D. Crowner, was a married man, at the time and place alleged in said information that the defendants lived together in open adultery, then the court should acquit defendant, Nettie Gordon." These instructions or declarations of law were severally refused by the court and the defendants excepted. The court then found both of the defendants guilty and assessed their punishment at a fine of $300 each.

The defendants filed a motion for a new trial, stating as grounds therefor the refusal of the court to declare the law as asked for by the defendants, and also that the finding of the court was against the evidence and against the law of the case. This motion being overruled by the court the defendants both appealed to this court.

The statute under which this prosecution was had is as follows: " Every person who shall live in a state of open and notorious adultery, and every man and woman (one or both

of whom are married, and not to each other) who shall lewdly and laciviously abide and cohabit with each other, and every person married, or unmarried, who shall be guilty of open, gross lewdness or lacivious behavior, or of any open and notorious act of public indecency, grossly scandalous, shall, on conviction, be adjudged guilty of a misdemeanor, and punished by imprisonment in the county jail, not exceeding six months, or by fine, not exceeding three hundred dollars, or by both such fine and imprisonment." (Wagn. Stat., 500, § 8.) This statute contemplates three different classes of offenses. The first, and the one for which the defendants in this case were prosecuted, applies only to persons who live in a state of open and notorious adultery, and the offense under that clause of the statute can only be committed by a married person; the second class of offenses can only be committed by a man and woman, one or both of whom are married, and not to each other, and who shall lewdly and laciviously abide and cohabit with each other, etc. The third class of offenses provided for, may be committed by any person, either married or unmarried.

The defendants in this case are charged with living in a state of open and notorious adultery. The offense consists of an open and notorious living or cohabiting together; occasional illicit intercourse will not constitute the offense. The statute was intended to provide against persons who in defiance of morality and of the good or well-being of society should openly live together; they must reside together publicly in the face of society as if the conjugal relation existed between them, their illicit intercourse must be habitual. (Wright vs. the State, 5 Blackf., 358; Searls vs. The People, 13 Ill., 597; State vs. Gartrell, 14 Ind., 280; State vs. Marvin, 12 Iowa, 499; Hinson vs. The State, 7 Mo., 244; Dameron vs. The State, 8 Mo., 494.)

I would not be understood to say that the cohabiting and abiding together must be for any great length of time, perhaps a short time would do, but the parties must live together in a notorious and open manner to the evil example of

society. Simply having occasional illicit intercourse, without a public or notorious living together, as the evidence in this case tends to prove, is certainly not sufficient. It follows that the court erred in refusing the first declaration of law asked for by the defendants, and in overruling the defendant's motion for a new trial. It is not necessary to notice any other points raised in the argument of the case in this court.

The judgment must be reversed. Judge Sherwood not sitting, the other judges concur.