## LUCY A. HEACOCK and SIDNEY MORRIS v. STATE.

No. A-197.   Opinion Filed January 9, 1911.

1.   INFORMATION—Adultery—Verification by Husband or Wife. (a) The statute requiring that an information should be verified by the oath of the county attorney or some other person applies only to prosecutions for misdemeanors.

   (b) If, in a prosecution for adultery, the husband or wife of one of the defendants verifies the information filed before the committing magistrate, this constitutes commencing the prosecution as provided for by section 2366, Snyder's Comp. Laws of Okla. 1909. ·

2.   INFORMATION—Felonies—Allegation of Preliminary Trial—Matters of Defense.   (a) In prosecutions for felonies by information, it is not necessary for the state to either allege or prove that the defendant has had a preliminary hearing or examining trial before a magistrate, and that upon such trial defendant was bound over to answer the charge prererred against him in the information, or that the defendant had waived such examining trial.

   (b) Where felonies are being prosecuted by information, if in fact defendant has not had a preliminary examination and been bound over to answer the charge contained in the information, or the defendant had not waived such examination, these matters can only be presented by a motion to set aside the information, and can not be raised by motion to exclude the testimony of witnesses.

3.   WITNESSES—Adultery—Competency of Husband or Wife. Under section 2366, Snyder's Comp. Laws of Okla. 1909, adultery is a personal offense against an injured wife or husband, and such wife or husband is a competent witness to prove the offense.

4.   INSTRUCTIONS—Credibility of Particular Witnesses. It is error for the trial court to single out any witness and direct

special attention to such witness and instruct the jury as to the credibility of such witness.

(Syllabus by the Court.)

*Appeal from District Court, Woodward County; R. H. Loofbourrow, Judge.*

Defendants were convicted of adultery. Defendant Lucy A. Heacock was sentenced to pay a fine of $100 and defendant Sid Morris was sentenced to pay . a fine of $250, and they appealed. Reversed and remanded.

*Charles Swindall* and *S. M. Smith,* for appellants.

*Smith C. Matson,* Asst. Atty. Gen., for appellee.

FURMAN, PRESIDING JUDGE. First. The information in this case is as follows:

"INFORMATION.

"State of Oklahoma, Woodward County, ss. In the District Court in and for Woodward County, Oklahoma, for the Nineteenth Judicial District, May Term, 1908. State of Oklahoma v. Lucy A. Heacock and Sid Morris. In the name and by the authority of the State of Oklahoma: "Now comes B. F. Willett, county attorney in and for the state and county aforesaid, and gives the court to know and be informed that one Lucy A. Heacock and Sid Morris, late of the county of Woodward and State of Oklahoma, on the 23rd day of January, in the year of our Lord one thousand nine hundred and eight, at and within the said county and state, did then and there unlawfully, voluntarily and feloniously have sexual intercourse with each other, the said Lucy A. Heacock then and there being a married woman and the wife of Joseph Heacock and not the wife of the said Morris, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Oklahoma.

"B. F. WILLETT, County Attorney."

Appellants were duly arraigned and pleaded not guilty. The case being called for trial, both parties announced ready for trial, and after the jury had been selected and sworn and the county attorney had made his opening statement the appellants objected to the introduction of any evidence under the information because

the information was not verified by the husband of the accused, Lucy A. Heacock, or the wife of Sid Morris. This objection was overruled by the court. In a prosecution for a felony it is not necessary that the information should be sworn to by any person. The statute requiring that an information should be verified by the oath of the county attorney or some other person applies only to prosecutions for misdemeanors. *In re Talley (ante)*; *A. H. Davis v. State (ante)*, both decided at the present term of court. It appears from the record that the original affidavit filed before the justice of the peace on which the examining trial of appellants was had was verified by the affidavit of the husband of the defendant Lucy A. Heacock. This established the fact that he commenced this prosecution. The trial court therefore did not err in overruling the objection to the introduction of evidence upon the ground named.

Second. The appellants further objected to the introduction of any testimony under this information because no showing had been made that the justice of the peace or committing magistrate had bound them over upon an examining trial to answer the charge preferred against them in the information or that they had waived such examining trial. We have time and again held that in prosecutions for felonies by information it is not necessary for the state to either allege or prove that the defendant has had a preliminary hearing or examining trial before a magistrate, and that upon such trial the defendant had been bound over to answer the charge preferred against him in the information, or that the defendant had waived such examining trial, and that these matters should be presented by the defendant in a motion to set aside the information, if, in fact, there had been no preliminary examination and the defendant has not been held to answer the charge contained in the information, or that the defendant had not waived such examination. *Ran Wood v. State*, 3 Okla. Cr. 553. The court therefore did not err in overruling the objections made by counsel for appellants to the introduction of the testimony.

Third. Joseph H. Heacock being sworn as a witness for the

state, counsel for appellants objected to his giving any testimony, upon the ground that he was the husband of one of the defendants. This objection was by the court overruled, to which counsel excepted. This objection was based upon section 6834, Snyder's Comp. Laws of Okla. 1909, which, among other things, provides "that neither husband or wife shall in any case be a witness against the other except in a criminal prosecution for a crime committed one against the other." The courts of the different states have placed a different construction upon statutes similar to this. So far as numbers are concerned, the majority of the courts hold that the wife or husband cannot testify against the other except as to personal offenses committed by one against the other. Upon the other hand, it has been held, under a similar statute, that on a charge of adultery the testimony of the injured husband or wife is competent to prove the charge. See *Lord v. State,* 17 Mich. 526; *State v. Hazen,* 30 Iowa, 648; *State v. Vollander,* 57 Minn. 225; *State v. Russell,* 90 Iowa, 569. But be this as it may, we are of the opinion that under our statute upon the subject of adultery the husband or wife of the offending party is a competent witness to prove the offense.

Section 2366 of Snyder's Comp. Laws of Okla. 1909 is as follows:

"Adultery is the unlawful voluntary sexual intercourse of a married person with one of the opposite sex; and when the crime is between persons, only one of whom is married, both are guilty of adultery. Prosecutions for adultery can be commenced and carried on against either of the parties to the crime only by his or her own husband or wife as the case may be, or by the husband or wife of the other party to the crime. Provided; That any person may make complaint when persons are living together in open and notorious adultery."

Anything short of living together in open and notorious adultery is not an offense against society in general. If a husband or wife assaults the other, the offender may be prosecuted, convicted and punished, although the injured party may not consent to, or even may oppose, such prosecution. But in cases of ordinary adul-

.4 Cr.—39

tery no grand jury can indict and no person can prefer a charge and no prosecuting attorney or court can present or try a defendant or defendants upon the charge of ordinary adultery, unless such prosecution is commenced and carried on by the husband or wife of one of the defendants. This clearly makes adultery a personal offense against the injured husband or wife. If it is not a personal offense, what character of an offense is it? The law has not made it only a public offense, because the public officers are prohibited from prosecuting it unless the prosecution is commenced and carried on by the injured husband or wife. How could a husband or wife commence and carry on a prosecution unless he or she could testify in support of such prosecution? It is a familiar rule of statutory construction that whenever the law gives a right to do a certain thing, that this, by necessary implication, carries with it the power to do all other things which are necessary to the complete accomplishment of the right expressly given. To deny to such husband or wife the right to testify would practically make a dead letter of this statute. We therefore hold that under our statute adultery is an offense against the marital relation and against the injured husband or wife, and that such husband or wife is a competent witness to prove the offense.

Fourth. Upon the trial of this cause the court instructed the jury, among other things, that in determining the degree of credibility that should be accorded the testimony of the defendants the jury had the right to take into consideration the fact that they were interested in the result of the prosecution, as well as their demeanor and deportment while upon the witness stand and during the trial, and all other evidence, facts and circumstances in the case tending to corroborate or contradict them, if any such are shown or proven. This instruction was duly excepted to at the time of the trial. We have time and again held that it is error for the trial court to single out the defendant or any other witness and instruct the jury as to his credibility. This would be equivalent to allowing the court to suggest to the jury that any such witness was likely to swear falsely. Such a suggestion coming

from the court could not have other than an injurious effect whenever the witness so singled out and personated had testified to any facts material to the rights of the defendant. It is all right for the prosecuting attorney to give reasons why any witness may testify falsely, but such an intimation should never come from the trial court. See *Hughes v. State*, 3 Okla. Cr. 387, and authorities there cited.

For error of the trial court in instructing the jury as above indicated, the judgment of the lower court is reversed and remanded for a new trial.

DOYLE and RICHARDSON, JUDGES, concur.