J. R. COPELAND *et al.* v. STATE.

No. A-1757.    Opinion Filed July 5, 1913.

(133 Pac. 258.)

1.  **ADULTERY—Persons Entitled to Prosecute.**  Except where persons are living together in open and notorious adultery they cannot be prosecuted under the laws of Oklahoma unless such prosecution is commenced and carried on by the wife or husband of one or the other of the offending parties.

2.  **LEWDNESS—Persons Entitled to Prosecute—''Open and Notorious Adultery.''**  To constitute living together in open and notorious adultery the parties must reside together publicly, in the face of society, as if the conjugal relations existed between them, and their illicit intercourse must be habitual.

*Appeal from District Court, Delaware County;*
*John H. Pitchford, Judge.*

J. R. Copeland and another were convicted of living together in open and notorious adultery, and they appeal.  Reversed.

*Preston S. Davis,* for appellants.

*Smith C. Matson* and *C. J. Davenport,* Asst. Attys. Gen., for the State.

FURMAN, J.  The prosecution in this case is under section 2431, Rev. Laws 1910, which is as follows:

"Adultery is the unlawful voluntary sexual intercourse of a married person with one of the opposite sex; and when the crime is between persons, only one of whom is married, both are guilty of adultery.  Prosecution for adultery can be commenced and carried on against either of the parties to the crime only by his or her own husband or wife, as the case may be, or by the

husband or wife of the other party to the crime: Provided, that any person may make complaint when persons are living together in open and notorious adultery."

The evidence in the case discloses that appellant Riley Copeland was a married man and had a living wife from whom he was not divorced. The testimony for the state is all circumstantial, and at best there is only one act of adultery testified to.

Counsel for appellant requested the court to instruct the jury as follows:

"The court charges the jury that although you believe after a careful consideration of all the evidence in this case beyond a reasonable doubt that the defendants did have on one or two or more separate and distinct occasions illicit carnal intercourse with each other, yet if you also believe from the evidence in the case that on said occasion or occasions, as the case may be, that said illicit carnal intercourse was indulged in by the defendants in secret, and not in an open and notorious manner, that then and in that case you should acquit the defendants and each of them, although you may further believe from the evidence in this case that the defendants were observed by a third person while engaged in the act of secret illicit carnal intercourse on one of such occasions."

The court erred in refusing to give this instruction. In fact, under the testimony and the law, the defendants, if guilty at all, could only be convicted in a prosecution commenced and carried on against them by the wife of Riley Copeland. The record shows conclusively that the wife of Copeland had nothing to do with the prosecution. It was therefore unauthorized by law and the court should have instructed the jury to find the appellants not guilty.

If adultery is not open and notorious it is not a crime punishable by law, unless the prosecution is commenced and carried on by the wife or husband of one of the offending parties; for such a crime is a personal offense against the injured wife or husband and such wife or husband alone can complain. See *Heacock v. State,* 4 Okla. Cr. 606, 112 Pac. 949. This question has often been passed upon by other courts in harmony with the views herein expressed.

Simply having occasional illicit intercourse, without a public or notorious living together, is not sufficient to constitute the offense of living in a state of open and notorious adultery. The parties must reside together publicly, in the face of society, as if the conjugal relation existed between them; their illicit intercourse must be habitual. *State v. Crowner,* 56 Mo. 147; *Brevaldo v. State,* 21 Fla. 789. It was so held under an indictment for living together in an open state of fornication in *Searls v. People,* 13 Ill. 597. The offense of open and notorious lewdness must, of necessity, consist of a series of acts of association which, taken together, make out the offense. For a further discussion on this question, see *People v. Salmon,* 148 Cal. 303, 83 Pac. 42; 2 L. R. A. (N. S.) 1186, 113 Am. St. Rep. 268.

There are cases in which facts similar to those in *People v. Salmon, supra,* have been held sufficient to constitute an offense, but these are under statutes which do not use the words "open" and "notorious."

For the reasons hereinbefore given, the judgment of the lower court is reversed and the cause remanded, with directions to the trial court to dismiss this prosecution and discharge the defendants, upon the ground that the prosecution was unauthorized by law, not having been commenced and carried on by the wife of the appellant Copeland.

ARMSTRONG, P. J., and DOYLE, J., concur.