## EMMA BRUMBAUGH v. STATE.

(No. A-2273.   Opinion Filed July 3, 1915.)

1.   TRIAL—Instructions—Evidence—Bias.___Under the laws of this state, trial courts are not warranted in giving an instruction which has the effect of bolstering up or tending to discredit the testimony of any particular witness or class of witnesses, who may testify in any criminal case.

2.   SAME—Evidence of Detective.  (a)  The credibility of the witnesses and the weight and value to be given their testimony are to be determined solely by the jury, under correct rules of law submitted by the court.

     (b)  For an instruction of this character, which is condemned by this court as being wholly unwarranted in this jurisdiction see opinion.

(Syllabus by the Court.)

*Appeal from County Court, Comanche County;*
*H. N. Whalin, Judge.*

Emma Brumbaugh was convicted of violating the prohibitory law, and appeals.   Reversed.

*J. F. Thomas,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.   The plaintiff in error, Emma Brumbaugh, was convicted at the March, 1914, term of the county court of Comanche county, on a charge of selling intoxicating liquor, and her punishment fixed at a fine of three hundred dollars and imprisonment in the county jail for a period of sixty days.   Among other errors assigned as ground for a reversal of this judgment is one based upon the following instruction of the court:

"The jury are instructed that under the law of this state, it is permissible for any person to act as detective or enforcement officer, for the purpose of apprehending and prosecuting those engaged in the violation of the prohibitory laws of the state of Oklahoma, and under the law there is no criticism to expend upon any public officer, league, or individual who may find it necessary or convenient to adopt this means of discovering infractions of the law. And in some instances, habitual and flagrant violations of the liquor laws can be detected by no other means."

In this case there were only two witnesses, to wit, the witness Brown, who testified on behalf of the state, and the plaintiff in error, who testified in her own defense. This instruction was wholly unwarranted by the law, and should not have been given by the court. The vice of the instruction was more acute when considered in the light of the fact that only this spotter testified on behalf of the state; while the plaintiff in error gave the only testimony that was offered in her defense. The courts of this state are not charged with the burden of making stump speeches to bolster up the credibility of any witness for either the state or the defendant, and most certainly the court is not called upon to inject this character of statement in the guise of law as a rule to bind the jury. It is a matter of common knowledge, recognized by all those experienced in court affairs and all the law writers and courts for centuries, that testimony of paid spotters is to be regarded with great caution, and in some jurisdictions, juries are even warned by the courts to exercise care in basing a conclusion upon any such testimony. In no jurisdiction in this country is such a rule tolerated as promulgated by the foregoing instructions. While these spotters are permitted to testify just like a person in interest is permitted to testify, the weight and value of their testimony is to be determined exclusively by the jury, who, under our law, are the sole judges of the credibility of witnesses.

The county attorney is always permitted to argue the credibility of the defendant when he takes the stand and testifies as a witness in his own behalf, his interest in the result of the trial, and his zeal in seeking an acquittal, as well as any other cir-

cumstance or fact that in his judgment will enable him to discredit the witness before the jury. Counsel for the defendant has the same right as to any witness introduced on behalf of the state. Whatever legitimate argument counsel may wish to advance as to the bias or prejudice of the prosecuting witness, who is interested in the capacity of sleuth for hire, as to his apparent bias, truthfulness or credibility, is not to be precluded by any such instructions as the foregoing.

It is not necessary to discuss other assignments. For the error indicated, the judgment is reversed and the cause remanded with directions to grant a new trial.

DOYLE, P. J., concurs. FURMAN, J., absent.