## HARVE MORRIS v. STATE.

No. A-2226.   Opinion Filed July 17, 1915.

1. **TRIAL—Comment of Court—Prejudice.** Under the law in this state, trial courts are not warranted in commenting upon the credibility of any witness or class of witnesses, who may testify on behalf of either party to a criminal prosecution.

2. **SAME—Instructions—Prejudice.** When an instruction is given by the trial court which has the effect of bolstering up the credibility of any material witness who may have testified on behalf of the state, a new trial should be awarded.

(Syllabus by the Court.)

*Appeal from County Court, Comanche County;*
*H. N. Whalin, Judge.*

Harve Morris was convicted of violating the prohibitory law, and appeals.   Reversed.

*Fain & Young,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.   The plaintiff in error, Harve Morris, was convicted at the February, 1914, sitting of the January term of the county court of Comanche county on a charge of selling intoxicating liquor, and his punishment fixed at a fine of $300 and imprisonment in the county jail for a period of 60 days.   There are many assignments urged; among others, the giving of the following instruction by the court:

"The jury are instructed, that, under the laws of this state, it is permissible for any person to act as detective or enforcement officer for the purpose of apprehending and prosecuting those engaged in the violation of the prohibitory laws of the state of Oklahoma, and under the law there is no criticism to expend upon any public officer, league or individual who may find it necessary or convenient to adopt this means of discovering infractions of the law.   And in some instances habitual and flagrant violations of the liquor laws can be detected by no other means.

"Such person acting as such officer or detective may furnish the defendant, in such cases, the opportunity to sell, but he does not furnish the defendant the liquor or the intent to sell; and the sale to such person is no more meritorious, or less criminal, than if made to some other person. In this connection, you are instructed, that if you find from the evidence in this case, that some witness who has testified, was acting under such enforcement officer, or some law and order league, in the detection of violations of the prohibitory laws of this state, that alone and of itself should not subject such witness to any criticism, or discredit his evidence in his case, in your minds."

Objections were made and exceptions duly saved to this instruction at the time it was given. This instruction has heretofore been condemned by this court as being wholly unwarranted under the law in this state. See *Brumbaugh v. State, ante,* decided at the present term. For the reasons given in that opinion, the judgment of the trial court in this case is reversed, and the cause remanded for a new trial.

DOYLE, P. J., concurs; FURMAN, J., absent.