## FRED CLARK v. STATE.

No. A-5019.   Opinion Filed Sept. 26, 1925.
(239 Pac. 275.)

McCollum & McCollum, for plaintiff in error.

George F. Short, Atty. Gen., and V. P. Crowe, Asst. Atty. Gen., for the State.

EDWARDS, J. From a conviction in the county court of Pawnee county on a charge of selling whisky, the plaintiff in error, hereinafter called defendant, has appealed. Three assignments of error are alleged in the brief as ground for reversal. First: The admitting of incompetent evidence in behalf of the state; second, the excluding of competent evidence offered by the defendant; third, the giving of erroneous instructions.

The principal evidence for the state was that of two witnesses employed by the sheriff for the purpose of detecting offenders against the prohibition law, and in this instance the sheriff seems to have been unfortunate in selecting rather disreputable characters for this purpose. But, since the credibility of the witnesses is for the jury, and by its verdict it has indicated its belief in the witnesses for the state, this court will not disturb the verdict on that ground.

In the introduction of evidence on behalf of the state, the court, over the objection of the defendant, permitted the witness Benham to testify that he was directed to the defendant as a party from whom he could purchase whisky.  This was obviously hearsay and not admissible. Again in the examination of this witness the defendant sought to develop rather fully the contract or agreement between the sheriff and the witness Benham in reference to the manner in which he was to be paid for his services in detecting violations of the prohibition law. The interest of a witness in a case is competent to be shown as affecting his credibility and as going to the weight and value to be given his testimony, and, where a witness against the defendant has testified that he is acting as a detective, a defendant should be allowed a rather wide latitude in examination as to the compensation and manner of payment, and particularly

as to whether his compensation depends on a conviction. State v. Shew, 8 Kan. App. 679, 57 P. 137. An examination of the record convinces us that the trial court restricted too closely the cross-examination on this point.

The court's instruction No. 6, in part, is as follows:

"* * * The prosecution of this offense is not an issue between the defendant and the officers of the law, but the defendant is being prosecuted for an offense against the state of Oklahoma.

"You are instructed, that it is no less an offense to sell intoxicating liquor for any purpose to a sheriff or prosecuting attorney, or to an agent, detective, or representative of either, than it is to sell to any one else; and a sale made to such officer or agent or detective, though solicited by him for the purpose of detecting the commission of the offense and of instituting prosecution therefor, and is punishable the same as if the sale had been made to any other person and for other purposes. * * *"

The germ of the instruction quoted is to be found in the case of Moss v. State, 4 Okla. Cr. 247, 111 P. 950, but it is not a statement of law proper to go to the jury as an instruction. Whether or not a sale was made was a controverted question of fact for the jury to determine. Nowhere is this instruction predicated on the necessity that the jury shall find the defendant guilty beyond a reasonable doubt, but it is assumed that the offense has been committed. This clearly denies to the defendant the right of the presumption of innocence, and it is further objectionable in other parts not quoted as singling out particular witnesses or class of witnesses and instructing on the manner of weighing their testimony instead of leaving their testimony to be governed by the general rules for the weighing of testimony of all witnesses. Brumbaugh v. State, 11 Okla. Cr. 596, 150 P. 88; Morris v. State, 11 Okla. Cr. 630, 150 P. 89; Fletcher v. State, 2 Okla. Cr. 301, 101 P. 599, 23 L. R. A. (N. S.) 581; Heacock et al. v. State, 4 Okla. Cr. 606, 112 P. 949.

For the reasons assigned, the case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.