## R. E. GILL v. STATE.

No. A-5133.   Opinion Filed Nov. 20, 1925.
(240 Pac. 1073.)

Hoyt & Butler, for plaintiff in error.

George F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. From a conviction in the district court of Dewey county on a charge of open and notorious adultery, the plaintiff in error, hereinafter called defendant, has appealed.

The record discloses a state of facts about as follows: That the defendant was a married man, having a wife and two children at Wichita Falls, Tex. He was an employee of the Wichita Falls & Northwestern Railway Company, as brakeman, and had become acquainted with one Florence Darlymple, an unmarried woman, who resided at Vici, where she was employed in the household of W. T. Eckhart. On three different occasions the defendant came to the premises of Eckhart, where the said Florence Darlymple introduced him to Eckhart and wife as her husband, and on each occasion he spent the night with her, and on each occasion they occupied the same room in which there was but one bed. Some communication came to the county attorney and sheriff, and the defendant was arrested, and at the time informed the arresting officers that he had a wife in Texas, and was not married to Florence Darlymple, but was passing as her husband to protect her. So far as the evidence discloses, no one among the neighbors and acquaintances of the parties prior to the arrest of the defendant knew that the defendant and Florence Darlymple were not married or that their relations were adulterous. The prosecution was not commenced nor carried on by the wife of the defendant. The defendant testified in his own

behalf, corroborating the evidence of the state that he had posed at the home of the Eckharts as the husband of Florence Darlymple. He admitted that he had stayed in the same room with her on the occasions testified to by Eckhart, but denied any act of intercourse. The evidence of Florence Darlymple, who testified for the defendant, was substantially to the same effect. The jury returned a verdict of guilty, but did not agree on the punishment, and it was assessed by the court at a fine of $500.

The contention is made that the evidence does not establish a case of open and notorious adultery, but at the most proves only what may be termed ordinary adultery, citing section 1852, Comp. St. 1921; Harris v. State, 11 Okla. Cr. 270, 145 P. 759; Spencer v. State, 14 Okla. Cr. 178, 169 P. 270, L. R. A. 1918F, 592; Kitchens v. State, 10 Okla. Cr. 603, 140 P. 619; Barber v. State, 15 Okla. Cr. 588, 179 P. 790; Burns v. State, 17 Okla. 26, 182 P. 738; Copeland v. State, 10 Okla. Cr. 1, 133 P. 258; People v. Salmon, 148 Cal. 303, 83 P. 42, 2 L. R. A. (N. S.) 1186, 113 Am. St. Rep. 268; State v. Sekrit, 130 Mo. 401, 32 S. W. 977.

The statute under which this prosecution is had (section 1852, Comp. St. 1921), is as follows:

"Adultery is the unlawful voluntary sexual intercourse of a married person with one of the opposite sex; and when the crime is between persons, only one of whom is married, both are guilty of adultery. Prosecution for adultery can be commenced and carried on against either of the parties to the crime only by his or her own husband or wife, as the case may be, or by the husband or wife of the other party to the crime. Provided, that any person may make complaint when persons are living together in open and notorious adultery."

It will be observed that a prosecution for adultery may be commenced and carried on against either of the parties only by his or her own husband or wife, or by the husband

or wife of the other party to the crime, with the exception or proviso that, if the adultery is open and notorious, any person may institute a prosecution.

The evidence in this case reasonably proves the commission of adultery between the defendant and the said Florence Darlymple. We think their evidence that no act of sexual intercourse took place between them is to be given no credence. In any event, it was a question for the jury.

In a prosecution for adultery, positive evidence of the direct fact is not required, and the fact of intercourse is properly inferred from circumstances that lead to it by fair inference as a necessary conclusion. If the prosecution of this case had been commenced and carried on by the wife of the defendant, there is no question but that the case should be affirmed. But the question here before us is, Does the evidence establish a case of open and notorious adultery? What constitutes open and notorious adultery has been considered by this court in several of the cases above cited. Whether or not an act is open and notorious is a question of fact to be determined by a consideration of all the facts and circumstances surrounding the offense charged. There is no question but what the relation of the parties was open; that is, they conducted themselves in the presence of Eckhart and wife on the occasions testified to as if the conjugal relation existed between them.

In the case of Kitchens v. State, supra, it is said:

"* * * It is sufficient if they lived together and behaved themselves in each other's presence in the familiar manner of husband and wife, and their lewd and lascivious conduct was witnessed by other persons. * * *"

This conduct would be sufficient to render their relationship open, but, in order that a prosecution may be instituted by any other than the husband or wife, as the case may be, of one of the offending parties, it is necessary that the adulterous relation shall be also notorious.

The word "notorious" comes from a Latin word meaning to know, and is defined by Webster as "generally known and talked of; well, widely, or commonly known; forming a part of common knowledge; noted; universally recognized. * * *" Morgan v. Strand, 133 Iowa, 299, 110 N. W. 596; State v. Crowner, 56 Mo. 147.

In the case of Spencer v. State, supra, it was held:

"* * * It is sufficient if the adulterous relationship became generally known among the neighbors and acquaintances of the parties before it ceased and prior to the commencement of the prosecution. After that, proof of a single day's continuance of the unlawful relationship is sufficient to sustain a conviction."

In that case, Spencer, a married man, and his paramour lived together as husband and wife for a long period of time without any of the neighbors suspecting that their relationship was other than marital, and, upon it being discovered that they were not husband and wife, the defendant agreed to leave the community, and did so, but later returned, and continued the unlawful relation, after it had become generally known that such relation was adulterous. It was contended that the trial court erred in refusing to give instructions based on the theory that the defendant and paramour were not husband and wife, and that it must have been known to the community generally during all of the time they lived together in such relation in order to constitute the offense of open and notorious adultery. Upon that contention this court said:

"We do not understand that to be the law of this state. It is sufficient if the adulterous relationship became generally known among the neighbors and acquaintances of the parties before it ceased and prior to the commencement of the prosecution. After that, proof of a single day's continuance of the unlawful relationship is sufficient to sustain a conviction."

In the case of Barber et al. v. State, supra, it was held:

"To constitute 'living in open and notorious adultery' under the statute, there must be something more than occasional illicit intercourse indulged in; the parties must reside together publicly in the face of society, as if conjugal relations existed between them, and their so living must become generally known in the community in which they live."

Evidently it was the purpose of this statute that families should not be broken up by prosecutions instituted by those not directly concerned for mere occasional and illicit acts of adultery. But in such cases, if the husband or wife of the offending parties, as the case might be, condoned the offense, prosecution should not be had. But to prevent the public scandal and disgrace which would follow the living together of a married person with another, and to protect the public morals, and to prevent the outraging of public decency where a spouse might be unwilling to prosecute, the law in its wisdom provided when such adultery was open and notorious that any person might make complaint. Such relationship, however, is not notorious where it is not known to any member of the community or acquaintance of the parties until after the prosecution is instituted. In order to prove the offense of open and notorious adultery so that a prosecution may be commenced and carried on by a person other than a spouse of one of the offending parties, there must be some evidence that it was known in the community that the claimed relation of husband and wife was false. When there is no such evidence, the proof does not show notoriety. There is a defect of proof of a notorious adultery between the parties, and it follows that no one but the wife of the defendant could commence and carry on the prosecution.

The case is reversed.

BESSEY, P. J., and DOYLE, J., concur.