## TOM BAILEY v. STATE.

No. A-8633. March 9, 1934.
(30 Pac. [2d] 714.)

Herman S. Davis, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted of robbery with firearms, and his punishment fixed at confinement in the state penitentiary for five years, and he appeals.

The testimony in this case is brief.   R. J. Davis testified on behalf of the state, in substance: "My home is in Denton, Tex.; on the 12th day of November, 1932, I was in the Santa Fe yards in Altus, Jackson county, Okla.; the defendant walked down behind the train, he was

drinking, and called to me to the back of the car, I thought with the intention of giving me a drink; he walked on out to the back of the track a little ways and drew a gun on me and told me to stick up my hands, and went through my pockets, took out papers and money I had in my pocket, handed the papers back to me and told me to put them in my pocket; held me a while and walked down the tracks a little ways and then called me back again looking for papers and money; he turned me loose and told me to go to the station. I went up and notified a fellow at the depot; this was between 10 and 10:30 at night. I am positive Tom Bailey, this defendant, is the man that held me up. The defendant gave me back the money next day after he was arrested in the state of Texas. This property was taken without my consent. I was afraid I might be injured if I did not submit to his taking the money." This is the testimony of Davis taken at the preliminary hearing.

The court advised the defendant he might cross-examine the witness, if he so desired, and defendant said:

"Well, I want to ask him if he did not tell me he was out of tobacco when I gave him the twenty cents; Mr. Bush said you ought to give it back to him, he is out of tobacco, and I say, 'Well, I will give him the money for cigarettes,' you told me then you was broke and did not have any tobacco money."

This is all the question the defendant asked the witness R. J. Davis, at the preliminary hearing.

Davis positively identified defendant as being the party who held him up with a pistol and took his 20 cents.

R. E. Lawson testified on behalf of the state:

"My home is at 520 West Liveoak, Altus, Okla.; I am car inspector and work for the Santa Fe Railroad;

was on duty the 12th of November, 1932, at night; the defendant bears a description pretty well of the man I saw in the Santa Fe yards that night; it was a moonlight night, and he came to where I was culping up a hose on a cut of cars the train crew had shoved back; he came to the end of the car and said, 'Stick 'em up.' I looked around and just over to the left about ten feet, and saw three men, and one of these men had both hands stuck up as high as he could get them; this man bears the description of the man who was standing there right up like—and had something jammed—looked very much like a gun, in this fellow's side, he was feeling his pockets. he was holding him with a gun; I taken it to be a gun the way it looked; I had seen this fellow prior to that day, or at least it looked like the same fellow; I had encountered him prior to the time he held up Davis; he came over toward the engine when I started to work and begun to hollow at me before he came close to me, and said, 'When is that train going out? And as he got near he began talking and asking questions, and I said, 'Fellow, I ain't got time to fool with you, I have to look after this train, there is a crew over there waiting for me'; and he walked close to me, and said, 'Don't come back at me,' and I told him, 'You haven't got me beat—I got the difference too.' He walked up to me and said, 'When this train is made up will it be on the main line?' "

The defendant testified in his own behalf, and denied he held up the witness Davis in the yards at Altus the night alleged in the information, or that he had anything to do with his being held up; says when he got to the yards a freight train was pulling out and he went on to Texas that night. He says he gave the witness 20 cents because Bush said the witness was out of tobacco and cigarettes; states that he did not own a pistol, nor did he have one with him.

O. J. Bailey, an uncle of the defendant, testified he drove the defendant to the depot that night and that a

freight was pulling out and he caught the freight train, and that he was not in the railroad yards any length of time.

The defendant put his reputation in issue, as to being a law-abiding citizen; the state then called several witnesses to prove that his reputation for being a law-abiding citizen in the community in which he lived was bad. This is in substance the testimony.

The defendant has assigned four errors alleged to have been committed by the trial court, all of which are included in the first assignment of error, which is as follows:

"Said court erred in overruling said motion of plaintiff in error for a new trial."

Section 2484, C. O. S. 1921, now section 2793 of Oklahoma Statutes 1931, relating to preliminary trials, reads as follows:

"When the defendant is brought before a magistrate upon an arrest, either with or without a warrant, * * * the magistrate must immediately inform him of the charge against him, and of his right to the aid of counsel in every stage of the proceedings, and also of his right to waive an examination before any further proceedings are had."

The defendant insists that he did not have a preliminary trial within the meaning of the statute herein quoted, for the reason that he was not advised by the court of his right to counsel or his time to plead and to cross-examine the witnesses. It is not contended by the state that before the preliminary trial was held the county judge advised the defendant of his right to have counsel, or if he was unable to pay counsel the court would appoint counsel to defend him, but the record shows he was advised

by the court at his preliminary trial he had a right to cross-examine the witness, and he asked the prosecuting witness, R. J. Davis, one or more questions.

Under the statute it was the duty of the magistrate holding the examination to advise the defendant of his statutory rights, and a failure to do so, unless the defendant has waived the same, is a denial of the defendant's constitutional rights. The record shows that after the preliminary examination was held an information was filed in the district court, on the 14th day of January, 1933, and the case was assigned for trial on the 7th day of February, 1933, on which date the case was regularly called. The state was represented by the county attorney and defendant was present in person and by his attorney, Herman S. Davis, and both announced ready for trial. No motion was filed to set aside the information on the ground that the defendant had not been accorded a preliminary trial. In Heacock v. State, 4 Okla. Cr. 606, 112 Pac. 949, in the second paragraph of the syllabus, division b, this court said:

"Where felonies are being prosecuted by information, if, in fact, defendant has not had a preliminary examination and been bound over to answer the charge contained in the information, or the defendant has not waived such examination, those matters can only be presented by a motion to set aside the information, and cannot be raised by motion to exclude the testimony of witnesses."

When the defendant neglected to file a motion to set aside the information on the ground that he had not had a preliminary trial and had not been advised of his constitutional rights at the preliminary, he cannot raise the question by a motion to exclude the testimony of the witness. If the defendant did not have a preliminary examination, it should be raised by a plea in abatement or on a

motion to quash, otherwise all essential preliminary proceedings will be presumed. McDaniel et al. v. State, 8 Okla. Cr. 209, 127 Pac. 358.

It is urged by the defendant that the court committed reversible error in permitting the state to read the testimony of the witness R. J. Davis, taken at the preliminary trial, for the reason that a sufficient predicate was not laid to show that Davis was a nonresident of the state, and could not be compelled to attend the trial. The defendant alleges that due diligence was not used by the state in trying to secure the attendance of this witness.

The record shows that a subpoena was issued and the sheriff could not find the witness R. J. Davis in the state, and the county attorney communicated to the address given at 125 East Oak street, Denton, Texas. The record further shows that on the 1st day of February, 1933, the sheriff of Jackson county served a notice on the defendant, giving the name and address of the witnesses that would be used in chief by the state against him; among the list was the name of R. J. Davis, 125 East Oak street, Denton, Tex., and advised the defendant that the witness Davis was not within the jurisdiction of the court, thus showing the return of the sheriff on the subpoena was correct and that Davis could not be found within the jurisdiction of the state of Oklahoma. The court did not err in admitting the testimony of the witness taken at the preliminary trial.

The testimony is conflicting, and this court has repeatedly held that where there was any competent testimony, though conflicting, to sustain the verdict of the jury it would not disturb the verdict. The jury having considered all the facts and circumstances and having

heard the instructions of the court, found the defendant guilty, and gave him the minimum punishment.

The defendant was accorded a fair and impartial trial. The court correctly advised the jury as to the law applicable to the facts. After considering the record, we feel the jury could not have done otherwise than convict the defendant, as the testimony conclusively shows that the defendant was in the railroad yards the night of the robbery, and the prosecuting witness identified the defendant as being the man who robbed him. There is no error in the record warranting this court in reversing the judgment.

The case is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.