WYATT HAGAN et al. v. STATE.

No. A-9901. Jan. 7, 1942.

(121 P. 2d 315.)

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and O. E. Enfield, Co. Atty., of Arnett, for the State.

C. B. Leedy, of Arnett, for defendants.

BAREFOOT, P. J. Wyatt Hagan and Esther Bender were charged in the district court of Ellis county with the crime ,of adultery, were tried, convicted and defendant Wyatt Hagan assessed a fine of $500 and costs and defendant Esther Bender assessed a fine of $200 and costs. Both defendants have appealed.

This case was filed in this court on the 27th day of July, 1940. On the 17th day of February, 1941, a motion was filed to abate the same as to the defendant Wyatt Hagan for the reason that said Wyatt Hagan died on February 10, 1941. On the 19th day of February, 1941, an order was entered abating the same as to the defendant Wyatt Hagan for the reason above stated. Hagan v. State, 71 Okla. Cr. 262, 110 P. 2d 928. This appeal is now pending as to the defendant Esther Bender.

A number of errors are presented which we now deem it unnecessary to consider. The only question necessary for consideration is as to whether the evidence was sufficient to sustain the charge of "open and notorious" adultery under the principles announced by the former decisions of this court. The statute upon which this charge was based is Oklahoma Statutes 1931, section 1837, O. S. A., Title 21, § 871, which is as follows:

"Adultery is the unlawful voluntary sexual intercourse of a married person with one of the opposite sex; and when the crime is between persons, only one of whom is married, both are guilty of adultery. Prosecution for adultery can be commenced and carried on against either of the parties to the crime only by his or her own husband or wife as the case may be, or by the husband or wife of the other party to the crime: Provided, that any person may make complaint when persons are living together in open and notorious adultery."

In construing this statute it has been the uniform holding of this court that, before a prosecution may be had under the above section, it is necessary for the injured spouse to commence the prosecution:

"Provided, that any person may make complaint when persons are living together in open and notorious adultery." Gill v. State, 32 Okla. Cr. 278, 240 P. 1073;

1074; Heacock v. State, 4 Okla. Cr. 606, 112 P. 949; Stone v. State, 12 Okla. Cr. 313, 155 P. 701.

In the instant case the prosecution was not commenced or prosecuted by the husband of defendant, but by other parties. It was therefore necessary for the proof to show that there was a living together in "open and notorious" adultery as provided by the statute.

We do not consider it necessary to go into a detailed discussion of the evidence. We have carefully examined the record and the able briefs filed, and from such examination have come to the conclusion that the evidence was insufficient to establish "open and notorious" adultery as pronounced by the former decisions of this court. Defendant Esther Bender was living as the housekeeper of her codefendant Wyatt Hagan. There is evidence in the record and circumstances sufficient to sustain the finding by the jury of adultery had defendant been prosecuted by her husband as provided by the statute, but there was an utter lack of proof that she was living in "open and notorious" adultery so far as the citizens of Shattuck, where she resided, were concerned.

In the early case of Copeland v. State, 10 Okla. Cr. 1, 133 P. 258, it is said:

"Except where persons are living together in open and notorious adultery they cannot be prosecuted under the laws of Oklahoma unless such prosecution is commenced and carried on by the wife or husband of one or the other of the offending parties. * * *

"To constitute living together in open and notorious adultery the parties must reside together publicly, in the face of society, as if the conjugal relations existed between them, and their illicit intercourse must be habitual."

See, also, Kitchens v. State, 10 Okla. Cr. 603, 140 P. 619. In Burns v. State, 17 Okla. Cr. 26, 182 P. 738, it is said:

"Having occasional illicit intercourse, without a public or notorious living together, is not sufficient to constitute the offense of living in a state of open and notorious adultery. To constitute 'open and notorious adultery,' the parties must reside together publicly in the face of society, as if the conjugal relation existed between them."

In Mathis v. State, 60 Okla. Cr. 58, 61 P. 2d 261, it is said:

"Except where persons are living together in open and notorious adultery, they cannot be prosecuted under the laws of Oklahoma unless such prosecution is commenced and carried on by the wife or husband of one or the other of the offending parties. * * *

"To constitute 'living in open and notorious adultery' under the statute, there must be something more than occasional illicit intercourse indulged in. The parties must reside together in the face of society, as if conjugal relations existed between them, and their so living and the fact that they are not husband and wife must be known in the community in which they reside."

See, also, Barber v. State, 15 Okla. Cr. 588, 179 P. 790; Spencer v. State, 14 Okla. Cr. 178, 169 P. 270, L.R.A. 1918F, 592; Rachel v. State, 71 Okla. Cr. 33, 107 P. 2d 813; Roberts v. State, 27 Okla. Cr. 97, 225 P. 553.

Applying the law as above announced to the facts as shown by the record in this case, we find that the evidence failed to establish an "open and notorious" living together of the defendants Wyatt Hagan and Esther Bender. The court should have sustained the demurrer to the evidence and the motion to return a verdict of not guilty.

332

For the reasons above stated, the judgment and sentence of the district court of Ellis county is reversed, with directions to discharge the defendant Esther Bender.

JONES and DOYLE, JJ., concur.