MATTER OF S——

In SECTION 245 Proceedings

A-7144004

*Decided by Regional Commissioner December 30, 1958*
*Approved by Assistant Commissioner*

**Adjustment of status—Section 245 of 1952 act, as amended—Good moral character requirement.**

(1) Notwithstanding the absence of a statutory requirement of good moral character, the applicant's character and the standards contained in section 101(f) of the 1952 act will be considered in determining whether an application to adjust status under section 245 of the act merits favorable discretionary action. (Cf. *Matter of F——*, A-10620326, Int. Dec. No. 940.)

(2) Application under section 245 will be denied as a matter of discretion where the applicant entered into a criminally incestuous marriage in Illinois with his first cousin and their relationship is classified as fornication under the Illinois Criminal Code.

APPLICATION: Adjustment of status to that of a permanent resident under section 245 of the Immigration and Nationality Act, as amended.

**BEFORE THE REGIONAL COMMISSIONER**

Discussion: By order dated November 18, 1958, the decision of the District Director, Chicago, Illinois, denying the application of F——A——S—— for adjustment of status to that of a permanent resident under section 245 of the Immigration and Nationality Act, as amended, was affirmed solely on the ground that applicant had failed to establish that an immigrant visa was immediately available to him at the time of his application.

Applicant is a 28-year-old male, a native of Palestine, and presently a citizen of Jordan, who was originally admitted to the United States on March 24, 1949, as a student pursuant to section 4(e) of the Immigration Act of 1924. He went through a marriage ceremony on June 24, 1954, at Chicago, Illinois, with his first cousin. Marriages of first cousins are prohibited by Illinois statute and consequently the marriage cannot be deemed to be a valid one (*Matter of M——*, 3 I. & N. Dec. 465, 466 (1948)).

In view of the invalidity of the marriage, applicant is unable to establish his eligibility to nonquota immigrant status under

234

section 101(a)(27)(A) of the act. It is urged that he may be eligible for classification as a first preference quota immigrant by virtue of his employment since September 22, 1958, by Roosevelt University as a laboratory instructor in chemistry. However, it is not necessary to make a determination as to this issue since denial of the application for adjustment of status is warranted on another ground.

Because of the invalidity of applicant's marriage his relationship with his first cousin falls under the classification of fornication under the Illinois Criminal Code (section 37.022) ; *People* v. *Searls*, 13 Ill. 597. This relationship is regarded as criminally incestuous. An applicant for adjustment of status under section 245, as amended, is not required by the law nor implementing regulations to establish good moral character. Therefore, the provisions of section 101(f) of the act are not applicable. However, good moral character is a factor which must be considered in determining whether the Attorney General's discretion should be exercised in a particular case and the standards set forth in section 101(f) should be considered in determining whether the application merits favorable discretionary action. In the present case, the applicant is living in an illicit relationship regarded as criminally incestuous. Consequently, as a matter of discretion, his application for adjustment of status will be denied.

**Order:** It is ordered that the decision of the Acting Regional Commissioner, Northwest Region, dated November 18, 1958, which affirmed the denial of the application solely on the ground that applicant had failed to establish that an immigrant visa was immediately available to him at the time of his application, be withdrawn.

*It is further ordered* that the application be denied as a matter of discretion.